## OSBORN v. FORESYTHE.

No. 5705.  ·Opinion Filed November 16, 1915.

Rehearing Denied December 14, 1915.

(153 Pac. 207.)

1.   EXECUTORS AND ADMINISTRATORS—Claim Against Estate —Establishment.  A claim against the estate of a decedent can only be established (1) by being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge, or (2) by judgment thereon in an action against the personal representative in the proper court.

2.   SAME—Allowance of Claim—Order of County Court.  The judge of the county court has power to approve such a claim only where the executor or administrator has already allowed the same; and an order of the county court, purporting to allow such claim after the executor or administrator had disallowed it, is void.

(Syllabus by Bleakmore, C.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by S. J. Osborn, revived in the name of A. W. Reed, administrator, against John W. Foresythe, administrator of the estate of William C. Greathouse, deceased. From a judgment for defendant, on appeal to the district court from the allowance of a claim, plaintiff brings error.   Affirmed.

*J. B. Tomlinson* and *Roy T. Osborn,* for plaintiff in error.

*A. C. Hough* and *W. D. Humphrey,* for defendant in error.

Opinion by BLEAKMORE, C. This case is here on appeal from a judgment of the district court of Nowata county, declaring void the order of the county court of that county allowing a claim against the decedent's estate. Since the rendition of the judgment the claimant has died, and the cause has been revived in the name of his administrator, as plaintiff in error.

On December 9, 1903, John W. Foresythe was by the United States Court for the Northern District of the Indian Territory appointed administrator of the estate of William C. Greathouse, deceased. The proceedings for the administration of said estate, pending in said United States Court at the advent of statehood, were properly transferred to the county court of Nowata county. On April 13, 1910, there was presented to said administrator, supported by affidavit, the following claim:

"In the County Court of Nowata County, Oklahoma. In the Matter of the Estate of William Greathouse, Deceased: John W. Foresythe, Administrator. Claim of S. J. Osborn against William Greathouse, Deceased, and His Estate. The Estate of William Greathouse, deceased, to S. J. Osborn, Dr. To services as attorney upon a contingent contract in the case of R. B. Crone v. William Greathouse, in the United States Court of Appeals, sitting at South McAlester, then Indian Territory, now in the State of Oklahoma, $2,500.00.

"S. J. OSBORN."

The administrator indorsed thereon:

"In the Matter of the Estate of William Greathouse, Deceased; John W. Foresythe, Administrator. Claim of S. J. Osborn. This claim was presented to me this 13th

day of April, 1910, and by me filed and passed to the court for action without my approval.

> "[Signed] JOHN W. FORSYTHE,
> "*Administrator of the Estate of
> William Greathouse, Deceased.*"

And the same was on said day filed in the county court. On July 27, 1910, the county judge allowed said claim, but the order of allowance was not signed or entered of record. Thereafter, on March 17, 1911, on motion of claimant, the court found that the order of July 27, 1910, had in fact been made, and ordered it to be recorded in the journal of the court. On June 17, 1911, the administrator filed motion to vacate and set aside said last-mentioned order on various grounds. On August 16, 1911, said motion of the administrator was by order of the county court overruled and stricken from the files.

From this last order the administrator appealed to the district court of Nowata county, where there was a trial *de novo,* the court considering the claim upon its merits. After making elaborate findings, the district court rendered the following judgment:

"Wherefore, the premises considered, and the court being fully advised, it is therefore considered, ordered, and adjudged that the aforesaid claim of twenty-five hundred dollars was properly rejected and disallowed by the administrator; that it was not a valid and enforceable claim against the estate; that the county court was not authorized to allow the same; that the allowance thereof by the said court was void; that the allowance thereof should be and is hereby set aside; that said claim is not, and is hereby declared not, a proper charge against the estate, or the administrator thereof; that the estate ought to be and is hereby discharged from any liability upon the alleged claim."

Consideration of but one question is necessary to a decision of this appeal, viz.: Was the order of the county court allowing the claim void? By the statutes it is provided (Rev. Laws 1910, sec. 6342; Wilson's St. 1903, sec. 1621 *et seq.*) :

"When a claim accompanied by the affidavit required in this article, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim , it must be presented to the judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day. * * *"

"6343. Every claim allowed by the executor or administrator, and approved by the judge, or a copy thereof, as hereinafter provided, must, within thirty days thereafter, be filed in the county court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration."

"6344. When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

In our opinion the indorsement made by the administrator upon the claim of April 13, 1910, viz., "This claim was presented to me, * * * and by me filed and passed to the court for action *without my approval*," had the force and effect of a disallowance thereof; but, even if it could be said that such indorsement was evi-

dence only of the refusal or neglect of the administrator to either allow or disallow the same, then by operation of the law the claim became rejected upon the expiration of ten days thereafter. *Rice v. Inskeep,* 34 Cal. 224. A claim against the estate of a decedent can only be established by being first presented to and allowed by the executor or administrator, and then by being presented to and approved by the county judge, or by judgment thereon in an action against the personal representative in the proper court.

. The law is vigilant to protect the estate, in doubly safeguarding it against illegal or unjust demands, by providing as a prerequisite to the establishment of any claim that it must in the first instance be presented to the executor or administrator and be by him allowed, and thereafter be presented to the county judge and be by him approved; and only when so sanctioned by the personal representative and judge, each acting in his proper capacity, is a claim entitled to be filed in the county court and ranked as an acknowledged debt of the estate for which its assets are liable.

Under the statute, if the personal representative allow a claim, the county judge may reject it, and it thereby fails of establishment. If the representative disallow a claim, no appeal lies from his action to the county court; and the county judge, being without authority to perform the functions, may not substitute his contrary judgment or discretion in such matter for that of the executor or administrator. The supervisory power of the judge as to a claim presented against a decedent's estate may be exercised only in cases where the executor or administrator has already allowed such claim. In but

one instance does the statute impose upon the county judge the primary duty of allowing or disallowing a claim against such an estate, and that it where the executor or administrator is himself a creditor of the decedent.  Rev. Laws 1910, sec. 6356.

The remedy of the claimant is the same where the executor or administrator disallows a claim when presented to him in the first instance, or when he allows it and the county judge thereafter rejects it.  In either case, he must bring suit upon such claim in the proper court against the executor or administrator within the statutory period.  If he obtain judgment, the effect thereof is to establish his claim, so that its payment may properly be made or enforced to the same extent as if such claim had been allowed without suit by the executor or administrator and approved by the judge.

The order of the county court, allowing and approving said claim after the same had been disallowed by the administrator, was void, and might properly have been vacated and set aside at any time by that court, and the action of said court in refusing to so do upon motion of the administrator was reviewable by the district court upon appeal.  It follows that the judgment of the district court should be affirmed; and it is so ordered.

By the Court:  It is so ordered.