## In re BARNETT'S ESTATE.

No. 5847.   Opinion Filed November 30, 1915.

(153 Pac. 653.)

1. **EXECUTORS AND ADMINISTRATORS—Claim Against E tate —Establishment—Remedies.** A claim against the estate of a decedent can only be established: (1) By being first presented to and alllowed by the executor or administrator, and then being presented to and approved by the county judge; (2) or by judgment the:ecn in an action against the personal representative in the proper court.

2. **SAME—Allowance by County Judge.** The judge of the county court has power to approve such a claim only where the executor or administrator has already allowed the same; and an order of the county court, pu:porting to allow such claim, after the executor or administrator has disallowed it, is void.

3. **SAME—Disallowance—Remedy.** In the event a claim filed against the estate of a decedent is disallowed by either the admin. istrator or the county judge, the remedy is not by appeal.

(Syllabus by Brewer, C.)

*Error from District Court, Muskogee County;*
*R. P. de Graffenried, Judge.*

In the matter of the estate of George Barnett, deceased; Edmund McKay, administrator. From an order disallowing claim filed against the estate by Robert L. Page, he appealed to the district court, and the appeal being dismissed on motion of the administrator, Page brings error. Affirmed.

*McDougal, Lytle & Allen,* for plaintiff in error.

*F. Scruggs, Albert Hunt, J. C. Pinson,* and *J. S. Severson,* for defendants in error.

Opinion by BREWER, C. Robert L. Page appealed to the district court from an order of the county court of Muskogee county, made August 23, 1912, disallowing his claim filed against an estate. On motion of the administrator, this appeal was dismissed, on the ground that the district court was without jurisdiction to entertain same. To review this order of dismissal, this proceeding in error is prosecuted.

An examination of the record as filed in this court shows that on November 13, 1909, the administrator filed a report, to which the claim involved here was attached, and such report was approved on said date. The claim of plaintiff in error was not approved. The record is silent as to when this claim was filed in the county court. There is, from this date, a break in the record and nothing shown until August 23, 1912, on which date the following order was made:

"And now on this day it is ordered by the court that the claim of R. L. Page, heretofore filed herein, be and the same is hereby denied.

                    "THOMAS W. LEAHY, *County Judge.*"

Nothing further appears until September 10, 1912, at which time there was filed a notice to the county judge and other interested parties, of an appeal to the district court from the order disallowing the claim made on August 23, 1912. On the same day an appeal bond was filed and approved by the county judge. The transcript of the proceedings in the county court appears to have been filed in the district court May 10, 1913. On June 3, 1913, the motion to dismiss was filed, and the same was sustained on June 24th thereafter.

On this record the appeal was properly dismissed by the district court. We are unable to ascertain from the record whether the administrator allowed the claim or not; it is stated in the brief he disallowed it. We only know that the county judge refused its allowance. We do not know when the claim was filed in the probate proceedings; whether before statehood or afterward; and this, notwithstanding statements made in the briefs, that it was in fact filed before statehood. However, this is immaterial, for the relief sought, in the manner sought, was because of a judgment had in the case on August 23, 1912. The court probably dismissed the appeal for the reason that it was not taken or anything done, looking to that end, within ten days after the rendition of the judgment, as required in certain cases by section 6504, Rev. Laws 1910, and because the transcript was not lodged in the district court within the time required by section 6413, Rev. Laws 1910. From an examination of the record, it appears that the action of the court was justified on these grounds. But there is another fundamental reason why the appeal should have been dismissed. The remedy, where an account is disallowed by the county judge, is not by appeal. Section 6342, Rev. Laws 1910,

prescribes in detail the manner of presenting claims to the executor or administrator, and requires that such officer indorse on the same his allowance or rejection, with the date thereof. If such officer allows the claim, it must be then presented to the judge for his approval; and in like manner, he must indorse upon it either his approval or rejection. If either the judge or the administrator neglects to so indorse the claim for ten days after its presentation, such nonaction is equivalent to a rejection on the tenth day.

Section 6344, Rev. Laws 1910, provides a remedy in case of the rejection of a claim by either the executor or administrator of the estate, or the judge of the court. This section is as follows:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

From a study of these sections, it appears that the county court has the power to reject a claim that has been allowed by the administrator; but if the executor or administrator has himself rejected the claim, the county court appears to be without power to allow it, over such rejection; all of which means that if the claim is refused and disallowed by either the administrator or the court, that is the end of the matter, so far as those officers are concerned, and the claimant, for relief, must go into the proper court, considering the amount of his claim, and there have its validity determined. So far as we know from this record, the administrator disallowed this claim. If so, the county court was without power to override

this action and allow it. Therefore, if the county court was without power to allow this claim, of course the district court would likewise be without such power on appeal.

In the recent case of *Osburn v. Foresythe, Adm'r.* (not yet officially reported), 153 Pac. 207, it is said in the syllabus:

"1. A claim against the estate of a decedent can only be established (1) by being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; or (2) by judgment thereon in an action against the personal representative in the proper court.

"2. The judge of the county court has power only to approve such a claim where the executor or administrator has already allowed the same; and an order of the county court, purporting to allow such claim after the executor or administrator had disallowed it, is void."

In the case just cited, it will be noticed that an appeal was taken to the district court; that appeal was from an order refusing to vacate a judgment, wherein a claim was allowed by the court after its rejection by the administrator. The district court properly held that the county court should have vacated its erroneous order, allowing the claim. In other words, the appeal was to have done that which the county court had the power to do, and ought to have done. In the instant case, the appeal was to have done a thing the county court had no power to do. In fact, the appeal in this case was to establish a claim against an estate, over the rejection of the administrator and the county court, thus requiring the use of power and jurisdiction the district court did not possess on appeal.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.