JAMES ELTON v. J. M. LAMB, as Administrator of the Estate of
A. J. Felder, Deceased.

(157 N. W. 288.)

**Probate court — order — settling administrator's account.**

1. An appeal lies by a creditor or claimant from an order of the probate court
settling an administrator's account.

**Funeral expenses — decedent — administration expenses — first paid — order
of preference — claims against estate.**

2. Funeral and burial expenses of a decedent are a charge against his estate
that must be paid next in order of preference to administration .expenses, and
its payment cannot be disallowed, neglected, or refused by the administrator be-
cause the funds of the estate have been used in payment of claims subordinate
thereto in the order of preference declared by § 8755, Comp. Laws 1913.

**Funeral charges — suit to recover — nonpreferred claim included — judg-
ment — full amount — preference in rank of payment — not lost — judg-
ment — order for — amounts stated separately therein.**

3. Where to enforce payment of funeral charges it was necessary to sue on
them, and with which another cause of action upon a nonpreferred claim was
joined, and a judgment was procured and entered for the aggregate amount
of both claims, the preference in rank of payment in favor of the funeral
charges is not lost, and preference is to be given to that portion of the judg-
ment based upon the cause of action for funeral expenses, where the order for
judgment separately stated the amounts due upon each cause of action. It
was the duty of the administrator to disclose, and the probate court to ascer-
tain, nonpayment of the charge for funeral expenses.

**Claims — not filed — payment of — exception taken — sustained — disburse-
ments — administrator — liability of.**

4. Exception taken to the payment made of a $36 item of indebtedness owing
by decedent, and for which no claim had been filed with the administrator is
also sustained. Exceptions to all other items overruled, except that all dis-
bursements other than for administration expenses are subordinate in rank as
to preference to said funeral charges, and payment of them without payment

Note.—That funeral expenses are to be given a preference over other claims
against a decedent's estate at common law and under most statutes is the rule as
set forth in notes in 33 L.R.A. 665; 28 L.R.A. (N.S.) 572; and 52 L.R.A. (N.S.) 1153.

On liability of decedent's estate for funeral expenses, see also note in 9 Am. Dec.
652.

of the funeral charges renders the administrator liable for the latter if the estate is wholly disbursed.

**District court — judgment — directed to be entered — probate court — costs — probate — appeal.**

5. District court will direct judgment to be entered in probate court accordingly, vacating the order settling the final account of the administrator and ordering payment by the administrator of the charge for funeral expenses and costs of probate, district court and appeal costs.

Opinion filed March 15, 1916.

From an order of the District Court, *Cooley, J.,* affirming final accounting in the Probate Court of Nelson County, plaintiff, a claimant, appeals.

Reversed.

*Theodore B. Elton,* for appellant.

It is the duty of the court to carefully scrutinize an account presented for settlement, and to reject any improper items therefrom, whether or not exceptions are interposed. Re Willey, 140 Cal. 238, 73 Pac. 998; Re Sanderson, 74 Cal. 202, 15 Pac. 753; Re Spanier, 120 Cal. 701, 53 Pac. 357; Re More, 121 Cal. 639, 54 Pac. 148; Re Franklin, 133 Cal. 587, 65 Pac. 1081.

When a credit is claimed by a personal representative and its validity is disputed, the law casts upon him the burden of supporting it, and he must not only prove the payment, but also the correctness of the demand. 18 Cyc. 1181; Jenks v. Terrell, 73 Ala. 238; Harwood v. Pearson, 60 Ala. 410; Pearson v. Darrington, 32 Ala. 227; Gaunt v. Tucker, 18 Ala. 27; Wysong v. Nealis, 13 Ind. App. 165, 41 N. E. 388; Re Eacott, 95 Me. 522, 50 Atl. 708; Brewster v. Demarest, 48 N. J. Eq. 559, 23 Atl. 271.

The requirements of the statute are peremptory that vouchers shall be filed for all claims. Comp. Laws 1913, §§ 8831, 8832; Re Wicke, 74 App. Div. 221, 77 N. Y. Supp. 558; Jenks v. Terrell, 73 Ala. 238; Wright v. Wright, 64 Ala. 88; Gaunt v. Tucker, 18 Ala. 27; Savage v. Benham, 11 Ala. 49; State ex rel. Dales v. Moore, 36 Neb. 579, 54 N. W. 866; Moore v. Garneau, 39 Neb. 511, 58 N. W. 179; People ex rel. Brinkerhoff v. Swigert, 107 Ill. 495.

Any item in excess of the amount stated by statute cannot be allowed

except upon proper voucher, and the testimony of the administrator alone is not sufficient to support a payment or allowance made con-trary to the statute. Comp. Laws 1913, § 8832.

Claims not proved and presented for allowance within the time lim-ited are barred, and cannot be allowed. Comp. Laws 1913, §§ 8734, 8736, 8739–8743.

The general rule is that a personal representative cannot waive the requirements of the statute, and if he pays a claim not properly present-ed, he is not entitled to credit therefor. 18 Cyc. 500; Nichols v. Shear-on, 49 Ark. 75, 4 S. W. 167; Bunnell v. Post, 25 Minn. 376; Huebner v. Sesseman, 38 Neb. 78, 56 N. W. 697; Johnson v. Pulver, 1 Neb. (Unof.) 290, 95 N. W. 697; Gilman v. Maxwell, 79 Minn. 377, 82 N. W. 669; Miner v. Raymond, 113 Mich. 28, 71 N. W. 501; Langston v. Canterbury, 173 Mo. 122, 73 S. W. 151; Springfield Grocer Co. v. Walton, 95 Mo. App. 526, 69 S. W. 477.

If funds were needed to pay debts or expenses, the administrator should have petitioned, in proper form, for authority to raise such funds, either by sale or mortgage. Comp. Laws 1913, §§ 8764 et seq., 8790, 8791.

An allowance to a widow, as such, must be made by an order of the county court. Comp. Laws 1913, §§ 8581, 8727; 18 Cyc. 401, 402; Re Lux, 100 Cal. 606, 616, 35 Pac. 345, 639.

The administrator must not only show the payment and correctness of any allowance to the widow, but it must also affirmatively appear of record that the widow was the lawful wife of the deceased at the time of his death, and that the allowance was necessary. Auerbach v. Pritchett, 58 Ala. 451; Veile v. Koch, 27 Ill. 129; Shannon v. White, 109 Mass. 146; Smith v. Howard, 86 Me. 203, 41 Am. St. Rep. 537, 29 Atl. 1008; Richardson v. Lewis, 21 Mo. App. 531; Austin's Estate, 73 Mo. App. 61; Graham v. Stull, 92 Tenn. 673, 21 L.R.A. 241, 22 S. W. 738; Hascall v. Hafford, 107 Tenn. 355, 89 Am. St. Rep. 952, 65 S. W. 423; Alston v. Ulman, 39 Tex. 158; Mitchell v. Word, 64 Ga. 208; Medley v. Dunlap, 90 N. C. 527; Barber v. Ellis, 68 Miss. 172, 8 So. 390; Note to Jones v. Layne, 11 L.R.A.(N.S.) 361; Comp. Laws 1913, § 8727; 18 Cyc. 394, and cases cited.

An advancement to be taken out of her distributive share is unauthor-ized because distribution can only be made upon final account. Comp.

Laws 1913, § 8759; Re Willey, 140 Cal. 238, 73 Pac. 998; Re Rose, 80 Cal. 180, 22 Pac. 86; Re Miner, 46 Cal. 572; Barton's Estate, 55 Cal. 90; Re Simmons, 43 Cal. 549; Re Ricaud, 70 Cal. 71, 11 Pac. 471; Re Levinson, 108 Cal. 450, 41 Pac. 483; Re Carter, 132 Cal. 113, 64 Pac. 123.

The claim under the mortgage should have been duly verified and presented to the administrator as required. Comp. Laws 1913, §§ 8737, 8741, 8753, 8757, 8759; Knutsen v. Krook, 111 Minn. 352, 127 N. W. 13, and cases cited, 20 Ann. Cas. 852.

The existence of liens and mortgages in no wise exempts the holders from duly presenting their claims. Comp. Laws 1913, §§ 8734, 8736, 8737, 8739–8743, 8753, 8757, 8759; Re Turner, 128 Cal. 388, 60 Pac. 967; Code Civ. Proc. § 1569.

A canceled check given in payment of a claim for which no voucher was made is wholly insufficient as a voucher, and proves nothing. Jenks v. Terrell, 73 Ala. 238; Cases cited upon Exception No. 1 herein.

A voucher filed, but not in form and failing to show for what the payment was made, and the supposed debt paid not having been presented by proper claim, is insufficient, and the same should be disallowed. Jenks v. Terrell, 73 Ala. 238.

The appellant here is a creditor of a higher class than those known as common or ordinary creditors. The appellant's claim was and is of higher rank, a preferred claim. The judgment roll in connection with this claim was admissible in evidence. Comp. Laws 1913, § 8745; 18 Cyc. 562; McLean v. Crow, 88 Cal. 644, 26 Pac. 596; Porter v. Sweeney, 61 Tex. 213; Williams v. Robinson, 56 Tex. 347; Tucker v. Yell, 25 Ark. 420; McCall v. Lee, 120 Ill. 261, 11 N. E. 522.

Whether the claim is allowed by the administrator or established by judgment after disallowance, the rank or class to which it belongs still remains a matter to be determined by the county court. McLean v. Crow, 88 Cal. 644, 26 Pac. 596; Code Civ. Proc. § 1646; Re Willey, 138 Cal. 301, 71 Pac. 441; Morton v. Adams, 124 Cal. 229, 71 Am. St. Rep. 53, 56 Pac. 1038; Re Smith, 122 Cal. 462, 55 Pac. 249.

The judgment roll was competent as establishing the disallowed claim, and, the record being the sole embodiment of the judicial utterances, no other oral or written matters can be set up in competition with

it. The record is conclusive. 2 Wigmore, Ev. § 1346; 2 Black, Judgm. §§ 625, 626; 7 Enc. Ev. 795, 797, 798, 852; 10 Enc. Ev. 757.

The complaint is properly admissible in evidence as part of the record, because no answer thereto was ever made, and therefore its averments were and must be taken as true. 23 Cyc. 752, and cases cited; Last Chance Min. Co. v. Tyler Min. Co. 157 U. S. 683, 39 L. ed. 859, 15 Sup. Ct. Rep. 733, 18 Mor. Min. Rep. 205; Re More, 121 Cal. 639, 54 Pac. 148; 23 Cyc. 1055, and cases cited; Martinson v. Marzolf, 14 N. D. 308, 103 N. W. 937; Borden v. McNamara, 20 N. D. 237, 127 N. W. 104, Ann. Cas. 1912C, 841; Mach v. Blanchard, 15 S. D. 432, 58 L.R.A. 811, 91 Am. St. Rep. 698, 90 N. W. 1042; Re Willey, 138 Cal. 301, 71 Pac. 441; Morton v. Adams, 124 Cal. 229, 71 Am. St. Rep. 53, 56 Pac. 1038.

The provisions of the local statute fixing the order of payment are mandatory; they cannot be changed or disregarded by the court or by the representative. 18 Cyc. 546; Tompkins v. Weeks, 26 Cal. 51; Lawrence v. Leake & W. Orphan House, 2 Denio, 577, 11 Paige, 80; Bloodgood v. Bruen, 8 N. Y. 362; Voorhis v. Childs, 17 N. Y. 357; Colton v. Field, 131 Ill. 398, 22 N. E. 545; Dullard v. Hardy, 47 Mo. 403; Schoeneich v. Reed, 8 Mo. App. 356; Jenkins v. Jenkins, 63 Ind. 120; 18 Cyc. 546.

Without an order of the court, the administrator pays debts or claims at his peril. Re Fernandez, 119 Cal. 579, 51 Pac. 851.

Allowance to the family is expressly made subject and subsequent to a claim for funeral expenses. In fact, the authorities hold that such a claim need not be presented to the administrator for allowance. Comp. Laws 1913, §§ 8725, 8728, 8738; Potter v. Lewin, 123 Cal. 146, 55 Pac. 783; Dampier v. St. Paul Trust Co. 46 Minn. 526, 49 N. W. 286; Benedict v. Ferguson, 15 App. Div. 96, 44 N. Y. Supp. 307; Sawyer v. Hebard, 58 Vt. 375, 3 Atl. 529, 18 Cyc. 455; 3 Sutherland, Code Pl. § 3331.

The administrator or county judge cannot exercise an arbitrary discretion in passing upon affidavits accompanying claims of creditors presented for allowance. Cullerton v. Mead, 22 Cal. 96; Pacific States Sav. Loan & Bldg. Co. v. Fox, 25 Nev. 229, 59 Pac. 4; Melton v. Martin, 28 Mont. 150, 72 Pac. 414.

*Frich & Kelly,* for respondent.

An order allowing a final account, in county court, not being a final adjudication, is not appealable. 18 Cyc. 1207, and cases cited in note 36; 2 Woerner, Am. Law of Administration, § 545; 19 Enc. Pl. & Pr. title, Settlement of Decedent's Estates, 1077, and cases cited.

The evidence of the administrator with reference to the remaining payments to which reference is made by appellant was received without objection; it shows that the items were actually paid by the administrator; that the expenditures were necessary to carry on the affairs of the estate, and is not contradicted. Therefore, the items are sufficiently vouched. Re Hilliard, 83 Cal. 423, 23 Pac. 393; John v. Sharp, 148 Ala. 665, 41 So. 635; Terrell v. Rowland, 86 Ky. 67, 4 S. W. 825; Re Pollock, 3 Redf. 100; Re Nichols, 4 Redf. 288.

The law recognizes the right of the administrator to receive credit for debts of the deceased justly due when paid, without a formal claim, presented and allowed. Re Wonn, 80 Iowa, 750, 45 N. W. 1063; Re Pennock, 122 Iowa, 622, 98 N. W. 480; Lockhart v. White, 18 Tex. 107; Roberts v. Rogers, 28 Miss. 154, 61 Am. Dec. 542; Judson v. Bennett, 233 Mo. 607, 136 S. W. 681; Parks v. McDaniel, 75 S. C. 7, 117 Am. St. Rep. 878, 54 S. E. 801; Re Baruth, 62 Misc. 596, 116 N. Y. Supp. 1125; Re Bottoms, 156 Cal. 129, 103 Pac. 849.

Insurance necessarily paid to protect the property and secure the same against loss is proper, and credit should be given therefor. Tayloe v. Bush, 75 Ala. 432; 1 Ross, Prob. Law, pp. 439 et seq. §§ 304, et seq. and cases cited; Enscoe v. Fletcher, 1 Cal. App. 659, 82 Pac. 1075; Re Nicholson, 1 Nev. 518; 18 Cyc. 570.

It is the duty of the administrator during the course of administration to protect the property of the estate against waste or possible loss. King v. Miller, 99 N. C. 583, 6 S. E. 660; Dills v. Hampton, 92 N. C. 565; Clemence v. Steere, 1 R. I. 272, 53 Am. Dec. 621.

Where the administrator pays for necessary things, like insurance, if it is not a loan to the estate, then it must be provable as an expense. 18 Cyc. 242, and cases cited; Lawton v. Fish, 51 Ga. 647; Burgess v. Green, 70 Ky. 263; Huson v. Wallace, 1 Rich. Eq. 1; Gee v. Hicks, Rich. Eq. Cas. 5; Reinstein v. Smith, 65 Tex. 247.

For general improvement upon the real property, needed and necessary for its preservation during the administration, the representative has a right to credit. 1 Ross, Prob. Law, § 305; Re Clos, 110 Cal. 494,

42 Pac. 971; Re Freund, 131 Cal. 667, 82 Am. St. Rep. 407, 63 Pac. 1080; Re Moore, 72 Cal. 342, 13 Pac. 880.

The county court has the right to order the payment of an allowance out of the estate in such sum as may be necessary for the maintenance of the family, and the law accords such allowances priority of payment over all other charges, except funeral expenses and those of administration. Comp. Laws 1913, §§ 8727, 8728; Jones v. Cooner, 142 Ga. 127, 82 S. E. 445; Jones v. Layne, 144 N. C. 600, 11 L.R.A.(N.S.) 361, 57 S. E. 372; Griesemer v. Boyer, 13 Wash. 171, 43 Pac. 17; Duplain's Succession, 113 La. 786, 37 So. 755; Banse v. Muhne, 13 Ohio C. C. 501, 7 Ohio C. D. 224; 1 Church, Prob. Law, 569, 578; Crenshaw v. Moore, 124 Tenn. 528, 34 L.R.A.(N.S.) 1161, 137 S. W. 924, Ann. Cas. 1913A, 165; Crew v. Pratt, 119 Cal. 131, 51 Pac. 44; Re Lux, 100 Cal. 606, 35 Pac. 345; Re Lux, 114 Cal. 89, 45 Pac. 1028; Re Dougherty, 34 Mont. 336, 86 Pac. 38; 18 Cyc. 397; Woerner, Am. Law of Administration, § 92; 1 Ross, Prob. Law, 485, 489, note 2; Dickinson v. Henderson, 122 Mich. 583, 81 N. W. 583; West v. Newell, 149 Mass. 520, 21 N. E. 954; Sawyer v. Sawyer, 28 Vt. 248; Simmons v. Byrd, 49 Ga. 288.

Under our system of administration of estates, no claim is required to establish a liability for expenses of administration, and no order is necessary for the payment thereof. The statute authorizes the administrator or representative to "retain" in his hands the necessary amount to pay or reimburse him. Comp. Laws 1913, § 8759; Re Ricker, 14 Mont. 153, 29 L.R.A. 622, 35 Pac. 960; Stewart's Appeal, 110 Pa. 410, 6 Atl. 321; Re Mason, 98 N. Y. 527; Re Stratton, 46 Md. 551.

The power to sell real estate in probate proceedings is a limited one, and will not be extended beyond the express provisions of the statute. 2 Woerner, Am. Law of Administration, § 481; Kolars v. Brown, 108 Minn. 60, 133 Am. St. Rep. 410, 121 N. W. 229; 18 Cyc. 841, and cases cited; 22 Century Dig. title Ex. & Ad. § 1611; Ball v. Green, 90 Ind. 75; Coombs v. Jordan, 3 Bland, Ch. 284, 22 Am. Dec. 236; Sears v. Mack, 2 Bradf. 394; Sloan v. Mendenhall, 60 N. C. (Winst. Eq.) 1; Barnett v. Thomas, 36 Ind. App. 441, 114 Am. St. Rep. 385, 75 N. E. 868.

Administrator has power to compromise claims when to so do is in the interest of the estate. 18 Cyc. 226; Re Ricker, 14 Mont. 153, 29 L.R.A.

622, 35 Pac. 960; Moulton v. Holmes, 57 Cal. 337; 1 Ross, Prob. Law, 441, and cases cited; Whithed v. St. Anthony & D. Elevator Co. 9 N. D. 224, 50 L.R.A. 254, 81 Am. St. Rep. 562, 83 N. W. 238; Martin v. Royer, 19 N. D. 504, 125 N. W. 1027.

The debt in question was not barred by failure to present it. Russell v. Wheeler, 129 Mich. 41, 88 N. W. 73; Tayloe v. Bush, 75 Ala. 432; 18 Cyc. 285, 286, and cases cited.

A joint demurrer interposed to two or more causes of action will be overruled if any one cause is good. 6 Enc. Pl. & Pr. 305–321, and cases cited; 22 Century Dig. Ex. & Ad. § 2164.

The allowance of a claim by an administrator does not establish its rank, nor does the establishing of the claim in court have that effect. The county court has exclusive jurisdiction for settling estates. McLean v. Crow, 88 Cal. 644, 26 Pac. 596; Re Turner, 128 Cal. 388, 60 Pac. 967.

Goss, J. This is an appeal from an order of the district court of Nelson county disallowing exceptions to an accounting previously overruled in probate court. Letters of administration were issued to J. M. Lamb in October, 1908, upon the estate of Anthony F. Felder. Administrator farmed the lands in 1909, and also finished farming operations previously conducted by him as agent of the deceased in 1908. The lands were sold in 1910 except a residence property apparently remaining unsold. No administrator's accounting was ever had until one was filed in October, 1911. In July, 1911, plaintiff had procured a judgment in district court against said administrator in his representative capacity upon two causes of action, which judgment, with costs, aggregated $360.79. One of the causes of action included in the complaint was in the sum of $139 for funeral and burial expenses of the deceased Felder. Judgment was awarded on demurrer, the order for judgment directing judgment for said amount, with interest, together with an amount found due upon the second cause of action. A judgment in the lump amount of $360.79 was entered inclusive of both causes of action. Both judgment and order therefor directed payment by the administrator "in due course of administration," and were filed forthwith in the probate court. Plaintiff appeared at the hearing of the administrator's account, no part of the judgment having been paid, and interposed ob-

jections to the allowance of the administrator's account, and in all fifteen exceptions thereto. It is unnecessary to discuss any of these except the last one taken, which challenges the payments made by the administrator of any items shown in his account to have been paid without first payment of the items placed in judgment, and alleging that the personal representative had disregarded the statute granting the claims sued on, or the one for funeral and burial expenses, preference over all other items of disbursement shown to have been made on the account, excepting solely expenses of administration. As this exception is well taken, it disposes of the necessity of a discussion of many assignments taken specifically to the particular payments or disbursements made by the administrator.

The portion of the judgment against the administrator for funeral expense is a charge against the estate the same as the expense of administration, and under the express terms of § 8755, Comp. Laws 1913, must be paid next after necessary expense of administration. It is a preferred charge to be paid in preference to all debts of the decedent, whether secured or unsecured. The administrator's account discloses that over and above the cropping expenses, which are expenses of administration under the circumstances of this case, there were many disbursements made by the administrator in the payment of debts secured and unsecured of the decedent amounting to several times the funeral expenses. To this extent the administrator has misapplied the funds of the estate. For this he is responsible, as he had paid these claims without any prior court order establishing the order of preference, and subsequently presented his accounting disclosing such erroneous misapplication of the proceeds of the estate. Beyond all doubt he acted in good faith, and had probably at first assumed that the funeral expenses incurred at Washington, District of Columbia, had been paid by the relatives. But under his own testimony he afterward had notice to the contrary, and that the funeral charges remained unpaid in 1910, as on the 13th of December of that year a formal claim was filed with him, while prior to that time the claim had been refused or its payment neglected, and it had been in the hands of others for collection. In fact the administrator testifies that, while he doesn't remember the date of its first presentation, that "it might have been right after" his appointment. "I don't know just exactly what the date was. I know he wrote me. I met him

(party having it for collection) on the street and was talking to him about it." "I think he sent me statements with a letter." "One of these claims was a claim for funeral expenses." As this was a charge against the estate it did not need to be filed as a claim against it, other than to be presented for payment in due course. The administrator could not ignore or disallow it, and by disbursing the estate otherwise leave it unpaid, secure an approval of his accounting, and escape liability, where the claimant as here presents the claim at or before the accounting, and insists upon disallowance of the accounting as made and the payment of the preferred charge. This could not be done any more than could the personal representative refuse to pay necessary expenses of administration and seek to avoid liability for them in his final accounting.

But respondent contends that by merging the claim in judgment with another by the taking of a judgment for the lump sum, priority of payment of the charge as funeral expenses is waived, and that the court must regard the entire judgment as an ordinary demand against the state and payable as such as a claim subordinate to all those for which the estate's funds have been distributed. But with the judgment there was filed in county court the order for judgment granting judgment upon the first cause of action in the amount therein set forth in the suit brought against the administrator, and which cause of action set forth the facts upon which it was based, and that the charge was for no other than funeral and burial expenses. This order for judgment was entered upon the administrator's demurrer admitting such to be the facts. He was directed to "pay the plaintiff in due course of administration the sum of $139, together with interest on it at 7 per cent per annum from the 5th day of September, 1908, and the further sum of $150.90, with interest thereon at the rate of 7 per cent per annum from the 19th day of June, 1908, together with costs and disbursements of this action." The administrator well knew of what the first item of $139 consisted, and likewise the probate court must have known that it was for funeral expenses, and that to comply with the order of the district court the funeral expenses should be paid "in due course of administration." To do this it must be paid in order of preference next after the necessary expenses of administration of the estate. And although the exceptions taken to the account, numerous though they are, and unneces-

sarily so, are not specific in claiming a preference for this claim for funeral expenses over the other claims paid, yet it is plain that the administrator knew of the nature of the claim, and that it was his duty in accounting, even without exceptions requiring it, to disclose that it had not been paid. It was likewise the probate court's duty to ascertain whether funeral expenses had been paid, and, if not, why not. Even if it be assumed that appellant was wrongfully trying to obtain a preferential payment of the entire amount of the judgment, only approximately one half of which was preferred as for funeral expenses, nevertheless it was the duty of the administrator and the probate court to separate the items and classify them as to priority, and so obey the order of the district court that they be paid in "due course of administration" according to priority.

None of the other fourteen assignments, based upon that many exceptions to the account, are allowed, excepting No. 2, which was not a preferred claim, but one of the lowest grade, as was the balance over funeral expenses of this judgment. All other exceptions to the account are overruled without further discussion.

One further question deserves mention. The respondent in district court moved "to dismiss the appeal (from the county court) on the ground that the appellant as a creditor is not a party to the proceeding in county court, and is not a party in interest as defined by the statutes, and not entitled to appeal from the order allowing the annual report, and that an order allowing an annual report of an administrator made by a county court is not an appealable order." Taking these in order, the appellant even as a creditor of the estate so far as an administrator's accounting is concerned is a party interested in the estate. The approval of the account establishes its validity as against the claim asserted, and the only remedy of this judgment creditor is by appeal. The district court, having but appellate jurisdiction, is devoid of authority to rank or classify the claim, or otherwise, except on appeal, disturb the accounting as settled by the order of the probate court. The parties were in probate court upon a hearing called for the very purpose, not only as between the heirs and those who would share in a division of the assets of the estate, but inclusive of creditors of all classes. This is discussed and settled in Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390. Subdivision 11 of the syllabus in that case reads: "Probate procedure

contemplates that claims allowed by the administrator and the county court shall not be fully litigated on presentation for such allowance, but the validity of a claim so allowed may be tried on the hearing to be had on the personal representative's accounting or upon his application to sell property had on notice, from any of which an appeal from the judgment passed by the probate court may be taken on the items of the account thus litigated to the district court and there retried. An appeal is also allowed from a claim established in county court by the confirmation of the report of a referee appointed by consent and from which an appeal to the district court may be taken. The district court on such appeal acts as an appellate tribunal, with judgment to be entered under its order in the probate court." But respondent would distinguish as does some authorities between whether the order is one settling a final account or an annual account of an administrator. Under our practice this distinction is without merit. Our probate statutes are taken almost literally from California, as a comparison with those of that state will disclose, and as has been held in the case above cited. The recent work of Church on Probate Law & Practice, a California text-book largely upon the statutes of that state, has the following at page 1238 under the heading "Appealable Orders:" "An order settling the final account of an executor or administrator is appealable. Re Couts, 87 Cal. 480–482, 25 Pac. 685. An interlocutory order settling the account of an administrator, but not discharging him from his trust, is not a final judgment, but such order is appealable. Re Rose, 80 Cal. 166–170, 22 Pac. 86; Re Sanderson, 74 Cal. 199, 15 Pac. 753. . . . There is no distinction between orders settling accounts as to their appealability. An order settling an account is appealable whether it be a final or any other account. Re Grant, 131 Cal. 426–429, 63 Pac. 731." And such is the contemplation of our statutes. Although § 8513, subdiv. 5, excepts a creditor from what is usually meant by the phrase "person interested" "except where a different signification is apparent from the context," it can have no application to hearings had upon accounts concerning the ranking of creditors for sharing in the estate and accounting, allowing or disallowing it. Respondent's contention would also bar a creditor from a hearing upon a final accounting called pursuant to §§ 8834–8836 if a creditor is not a "person interested," because excluded by § 8513. A creditor is a person interested in the estate and entitled

to participate in and litigate the account, whether it be annual or final; and whenever so litigating a trial is had it is had in the court of original jurisdiction to determine such issues; and except when otherwise provided by statute it is conclusive, unless appealed from.

This passes upon all questions necessary except concerning costs. It was necessary for plaintiff to sue the administrator to establish the right to payment of a preferred claim, a charge against the estate for funeral expenses. He is entitled to the costs of this litigation, with the amount of funeral expenses and interest thereon, together with his necessary expense and disbursements at the hearing of the administrator's account, together with his taxable costs on this appeal. The district court will tax costs in plaintiff's favor accordingly for the trial had in that court, together with the plaintiff's appeal costs, and enter judgment therefor, and order also that the probate court disallowed said accounting and set aside its order of confirmance thereof, and that it require the administrator to pay the funeral charges and costs of collection aforesaid, and that such further proceedings may be had in probate court as are provided by law.