[No. 13900.   Department One.   March 7, 1917.]

E. N. EISENHOWER, *as Administrator, Respondent,* v. E. R. VAUGHN, *as Guardian, Appellant.*[1]

INSANE PERSONS—TERMINATION OF GUARDIAN—DEATH OF WARD. A guardianship of an insane ward is terminated by the death of his ward and the appointment of an administrator, under Rem. Code, § 1672, and the estate passes to the control of the administrator.

SAME—TERMINATION OF GUARDIAN—DEATH OF WARD—CLAIMS—LIABILITY OF GUARDIAN. On the death of a ward and the appointment of an administrator, the allowance of $150 to the guardian for an attorney's fee without providing for its payment before passing the estate, is not a personal charge against the guardian, but a claim against the estate in the hands of the administrator; and the same is true of a pending suit against the guardian on a claim by a creditor of the ward.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered August 16, 1916, upon findings in favor of the plaintiff, in an action by an administrator to recover property in the possession of a guardian belonging to the estate of an insane ward, tried to the court.   Affirmed.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.

*G. E. Peterson* and *E. N. Eisenhower,* for respondent.

MORRIS, J.—Appellant, Vaughn, was, on October 8, 1912, appointed guardian of the person and estate of P. A. Johnson, an insane person, and qualified by giving a bond with the appellant guaranty company as surety.  In May, 1915, the insane ward died, and in October, 1915, respondent was appointed administrator of his estate.  A few days after the appointment of respondent as administrator, Vaughn filed his final account as guardian, and a few months thereafter filed an amended final account, admitting a balance in his possession belonging to the estate of his ward in the sum of $1,710.45.  This amended final account was later allowed by the lower court, together with an allowance of $150 to the

[1]Reported in 163 Pac. 758.

attorney of the guardian. Subsequently, the guardian not having paid the money due the estate over to respondent, this action was brought, resulting in a judgment in favor of the respondent for the amount found in the hands of the guardian.

No special mention need be made of the assignments of error, since they bring up the merits of the judgment below upon the facts. The death of the ward terminated the guardianship and, upon the appointment of the administrator, the estate passed from the control of the guardian to the administrator, under Rem. Code, § 1672. It thereupon became the duty of the guardian to account to the administrator and to turn over to him all property of the estate remaining in his hands. We have no doubt that, in the guardianship proceedings, the court, having allowed the guardian $150 as attorney's fees, would have been justified in providing for its payment by the guardian before passing the estate over to the administrator. But because the court failed to make such an order, the allowance does not remain as a personal charge against the guardian, as he now claims, but passed as a claim against the estate in the hands of the administrator. The death of the ward having terminated the guardianship, it follows that all unsettled claims, either legal or equitable, created against the estate under the guardianship must be settled out of the estate in the hands of the administrator in due course of administration.

Before the death of the ward, one Macy brought an action against the guardian claiming to be a creditor of the ward to the extent of $500, which action had not been disposed of at the time of the ward's death. Appellant now contends that he should be allowed to retain $500 pending the outcome of the Macy suit. If Macy has a claim against any part of the ward's estate, our probate procedure provides an ample remedy for enforcing such claim against the estate in the hands of the administrator. The fact that Macy had commenced suit against the guardian to enforce payment of his

9—95 WASH.

claim before the termination of the guardianship proceedings does not change the situation. Macy's claim, we take it, is not one seeking relief against the guardian personally, but one against the estate of the ward. We agree with the lower court that there is no warrant in law for the guardian retaining possession of the estate of the deceased ward for the payment of the attorney's fees allowed nor until the termination of the Macy action. The property rightfully passed into the possession and control of the administrator, and the attorney's fees and the Macy claim can there, and there only, be properly disposed of.

The judgment is affirmed.

ELLIS, C. J., CHADWICK, MAIN, and WEBSTER, JJ., concur.