This appeal is prosecuted from the district court of Seminole county, Okla., by the heirs and legatees of Flora Fish, deceased. James W. Rodgers was the executor of the last will and testament of the said decedent, and on presentation of his final report to the county court, protest and objection thereto were filed by Joanna Davis, Louvina Harjo, Joe Morris, Eliza Sewell, Maggie Harjo and Raymond Harjo. The county court denied the protest, approved the report of the executor, entered an order of distribution, from which appeal was taken to the district court, where the judgment of the county court was affirmed.
On the 16th day of December, 1920, Flora Fish, a full-blood Seminole Indian, executed her last will and testament, in due form of law. Among other bequests was what appears in the will to be:
"No. 4. I give, devise and bequeath to Walter Ferguson, in consideration of the help and support he has given me, the following described tract of land, to wit: The N.W. quarter of the N.E. quarter of the N.E. quarter of section 30, township 7 north, range 8 east, to be his in fee simple forever, subject only to the following conditions, to wit: that in the event of my death he is to pay to my estate the appraised value of said land, for the use and benefit of all my surviving children equally the amount of money, if any, over and above the amount he has already advanced."
To comply with the provisions of this part of the will, it was necessary that Walter Ferguson make proof of the amount advanced to Flora Fish, and that the land in question be appraised, so as to determine the remainder due from Walter Ferguson, if he elected to take the property under the will.
The general statutes governing probation of estates is likewise applicable to full-blood Indians, as to other persons, unless there be some express inhibition in the acts of Congress governing the estates of this class of Indians. The protest and objection were made, first, on the ground that there was no appraisement of the land; and second, on the ground that the claims against the estate of Flora Fish for moneys alleged to have been advanced were presented to James W. Rodgers, the executor, and by him disapproved. Later, and in spite of this fact, they were presented to the county judge, who entered an order approving the amount.
The appellants' contention is that in order that said provision of the last will and testament of Flora Fish might be complied with, it was necessary that appraisers be appointed by order of the county court having jurisdiction of the settlement of the estate, as provided by the probate statute. Section 1209, Comp. Stats. 1921, provides:
"Every executor or administrator must make and return to the court, within three months after his appointment, a true inventory and appraisement of all the estate of the decedent, except the homestead, if any, which has come to his possession or knowledge."
Section 1210:
"To make the appraisement the judge must appoint three disinterested persons, any two of whom may act, who are entitled to receive a reasonable compensation for their services, not to exceed two dollars per day, to be allowed by the court. The appraisers must, with the inventory, file a verified account of their services and disbursements. If any part of the estate is in any other county, the same appraisers may proceed to view and appraise the same, or other appraisers in that county may be appointed to perform that duty, by the judge of the county court of the county in which the letters were issued, as he may deem best; and the like report must be made in each case direct to the county court of the county which issued the letters."
The next proposition is that the county judge had no power to approve the claims presented by Walter Ferguson, after they had been disapproved by the executor. We see no escape from the contention of the appellants on this proposition. Section 1238, Comp. Stats. 1921, provides:
"When a claim, accompanied by the affidavit required in this article, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, *Page 14 
with the day and date thereof. If he allow the claim, it must be presented to the judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day; and if the presentation be made by a notary, the certificate of such notary, under seal, is prima facie evidence of such presentation and rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time."
Section 1240:
"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."
This court, in the case of In re Barnett's Estate,52 Okla. 623, 153 P. 653, said:
"A claim against the estate of a decedent can only be established, first, by being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; or, second, by a judgment thereon, in an action against the personal representative in the proper court.
"The judge of the county court has power only to approve such a claim where the executor or administrator has already allowed the same, and an order of the county court purporting to allow such claim, after the executor or administrator had disallowed it, is void."
We concur in the contention made by appellants that the only remedy Walter Ferguson had to establish his claim against the decedent, after it had been disapproved by the executor, was by filing suit in a court of competent jurisdiction, and obtaining judgment thereon. The provisions of the will in question must be considered in the light of the general statutes on the subject. The proper procedure in the instant case was the appointment of the appraisers, to view the land in question, after their qualifications, make formal return of appraisement in to the county court, and that Walter Ferguson maintain his action in a court of competent jurisdiction as to the amount advanced by him to Flora Fish. As against the appraised value of the land, the amount so recovered, if any, could be set off, and the remainder of the appraised value of the real estate was due to the heirs and legatees under the will.
For the reasons above set out, the judgment of the district court is reversed, with directions to vacate and set aside the same, and to remand the same to the county court, to take further proceedings, not inconsistent with this opinion.
McNEILL, C.J., and NICHOLSON, HARRISON, JOHNSON, MASON, WARREN, and LYDICK, JJ., concur.