In re TRAVIS' ESTATE.

TRAVIS et al. v. SPARLIN, Adm'r, et al.

97 P. 2d 50.

No. 28980.   Nov. 28, 1939.

Rehearing Denied Dec. 19, 1939.

E. L. Richardson, J. H. Cline, and C. S. McCuistion, all of Lawton, for plaintiffs in error.

P. G. Fullerton and J. F. Thomas, both of Lawton, for defendants in error Fern Gregg, Rose Scott, Charlie R. Thomas, and Cora Travis.

Arch M. Parmenter and C. T. O'Neal, both of Lawton, for defendant in error Jerry Sparlin, Administrator.

HURST, J.   The question involved in this case is this: Where a creditor's claim against a decedent's estate is allowed by the administrator and approved by the county judge and filed in the cause, and subsequently the county court, upon exceptions filed by the heirs to the administrator's annual account, makes an order disallowing the account insofar as the claim is concerned, can the creditor maintain an appeal from such order?

J. R. Travis, Madge Travis, and the Western White Lily Company, as creditors, presented claims against the estate

of C. H. Travis, deceased. Their claims were allowed by the administrator with will annexed, were then approved by the county judge, and were thereafter duly filed in the cause. The claim of J. R. Travis was paid. On petition of the devisees of C. H. Travis, deceased, the county court required the administrator to file an annual account, in which the three claims were listed as approved claims, and the devisees filed exceptions thereto attacking the validity of all three claims. The county court, upon a hearing, disapproved the claims and ordered the administrator to replace the money paid to J. R. Travis, but otherwise approved the account.

The claimants thereupon appealed to the district court, and the appeals were there dismissed on the ground that the sole remedy of claimants was to prosecute independent suits upon their claims as provided by section 1239, O. S. 1931, 58 Okla. St. Ann. § 339. The court relied upon Hamilton v. Browder (1936) 176 Okla. 229, 54 P. 2d 1025. The administrator also appealed, objecting to the surcharge, and his appeal was sustained, but that issue is not here involved. The claimants bring the case here on appeal.

The claimants' position is that section 1239, supra, requiring an independent suit, applies only where a claim is rejected by the administrator or county judge in the first instance; but that where a claim is first allowed and then later objected to by the heirs upon the settlement of an account and there disallowed, section 1239 has no application, and an appeal is authorized under section 1397, O. S. 1931, subdivisions 6, 7, and 8, 58 Okla. St. Ann. § 721, subdiv. 6, 7, 8.

1. In solving this problem we must examine our statutes to determine what distinction, if any, there is between the rejection of a claim by the administrator or county judge when first presented, and the rejection, by the county court, of a previously approved claim, upon the settlement of an account, which lists such claim as an acknowledged debt of the estate.

(a) When a claim is first presented to the executor or administrator in the proper form and within the specified time, he must endorse thereon his allowance or rejection. If he allows the claim, it must be presented to the judge for his approval. Section 1237, O. S. 1931, 58 Okla. St. Ann. § 337. If the claim is disapproved either by the administrator or executor, or by the county judge, the claimant must bring an independent suit within a specified time. Section 1239, supra. The successful maintenance of this suit has the same effect only as if the administrator and county judge had originally allowed the claim. Section 1245, O. S. 1931; Osborne v. Forsythe (1915) 54 Okla. 40, 153 P. 207. This initial allowance of the claim is purely an ex parte matter and binds only the claimant and administrator or executor. It has been referred to as only a "quasi-judgment," or "qualified judgment." Bancroft, Probate Practice, § 852. Up to this point the heirs or other interested parties have no opportunity to contest the claim. See Estate of Schroeder (1873) 46 Cal. 304; Beckett v. Selover (1857) 7 Cal. 215, 68 Am. Dec. 237; Johnson v. Rutherford (1914, N. D.) 147 N. W. 390; Bancroft's Probate Practice, § 855. This court has held, and we take it to be firmly established, that where a claim is disallowed in the first instance, either by the administrator or county judge, the remedy is not by appeal, but the sole remedy is an independent suit as specified by section 1239. In re Barnett's Estate (1915) 52 Okla. 623, 153 P. 653; Miller v. Bradburn's Estate (1925) 106 Okla. 234, 233 P. 736; Osborne v. Forsythe (1915) 54 Okla. 40, 153 P. 207; In re Fish's Estate (1924) 107 Okla. 12, 229 P. 803.

(b) Where, however, a claim is approved by both the administrator and the county judge, the heirs or devisees and legatees then have at least two opportunities to attack the validity or correctness of the claim: (1) by objecting to a sale of the property to pay the claim (sec. 1265, O. S. 1931, 58 Okla. St. Ann. § 383; In re Jameson's Estate (1919) 74 Okla. 286, 182 P. 518); and (2) by objecting to the settlement of an administrator's or executor's account. Sections

1337, 1346, O. S. 1931, 58 Okla. St. Ann. §§ 545, 554. At such hearing only "allowed claims not passed upon on the settlement of any former account" may be contested by the heirs. Section 1347, O. S. 1931, 58 Okla. St. Ann. § 555. The judgment of the court upon such a hearing is conclusive on all parties interested, except those under disability. Section 1348, O. S. 1931, 58 Okla. St. Ann. § 556. These statutes are general and apply to annual as well as final accounts. Bancroft's Probate Practice, §§ 999, 1000; Ross, Probate Law & Practice, § 511; In re McGammon's Estate (1915) 50 Okla. 303, 150 P. 1109; Elton v. Lamb (N. D. 1916) 157 N. W. 288; In re Grant's Estate (Cal. 1901) 63 P. 731; In re Raleigh's Estate (Utah, 1915) 158 P. 705; In re Murphy's Estate (Mont. 1920) 188 P. 146; In re McLure's Estate (Mont. 1931) 3 P. 2d 1056. (All accounts, other than final accounts, are usually referred to as annual accounts, and are so referred to in this opinion.)

We, therefore, conclude that an order of the county court regularly settling an annual account is conclusive and binding upon all persons interested, except those under disability. The order cannot be collaterally attacked in an independent suit by the creditor to reduce the claim to judgment under section 1239, supra, or by any person interested in the estate, except those laboring under disability, in the settlement of any subsequent annual or final account.

2. Having determined the conclusive effect of an order settling an annual account, the next question is whether such an order is appealable. We think, on both reason and authority, it is appealable, and that appeal is the sole remedy of all interested persons (except as to persons laboring under disability) who are adversely affected by such an order.

Section 1397, supra, authorizes an appeal to the district court from a judgment, decree or order of the county court: "* * * Sixth. Settling an account of an executor, or administrator or guardian. Seventh. Refusing, * * * the payment of a * * * claim, * * * Eighth. From any other judgment, decree or order of the county court in a probate cause, or of the judge thereof, affecting a substantial right."

These three subdivisions of the appeal statute are general. The sixth subdivision authorizes an appeal from an order "settling an account." It does not say what kind of an account. It would do violence to the plain language used to restrict it to final or any other account.

The seventh subdivision is likewise general. It would do violence to the plain language to hold that a creditor, whose claim has been previously allowed, could not appeal from an order "refusing the payment of a claim." Construing the seventh subdivision with section 1239, we think it has to do only with debts or claims previously allowed, and section 1239 has to do only with claims rejected in the first instance. Under this construction, there is no conflict between the two provisions, as contended by the devisees.

Since the appeal is clearly authorized by the sixth and seventh subdivisions, it is unnecessary to decide whether the eighth subdivision (which apparently covers matters not covered by the seven preceding subdivisions) applies.

While this court seems not to have expressly passed upon the question as regards annual accounts, in other jurisdictions, having statutory provisions substantially the same as ours, it is settled, and we think correctly, that an appeal will lie by a creditor, adversely affected thereby, from an order settling an annual account. In re Coryell's Estate (1909, Idaho) 101 P. 723; Elton v. Lamb (1916, N. D.) 157 N. W. 288; In re Couts' Estate (1891, Cal.) 25 P. 685; In re Grant's Estate (1901, Cal.) 63 P. 731. See also Bancroft's Probate Practice, §§ 932, 1005; Ross, Probate Law & Practice, § 512.

3. With this view of the matter we approach the case of Hamilton v. Browder, supra, relied on as the basis of the trial court's order dismissing the appeals, and stressed by the devisees here. In that case, a claim was allowed by the administrator and approved by the county

226

judge in the first instance. Thereafter a petition to sell real estate to pay the claim was filed and protested by the heirs. At the hearing upon this petition, the county court disallowed the claim and dismissed the petition, and the claimants appealed to the district court. This court held that the claimant's remedy was not by appeal, but by an independent action as provided by section 1239, supra. Section 1397, supra, relied on to authorize the appeal here, also authorizes appeals from orders on petitions to sell real estate (see subd. 5; In re Jameson's Estate, supra), so in principle the case is in point. However, we think it apparent that the case is incorrectly reasoned and should be overruled for the reason that the court there failed to observe the distinction, above noted, between the initial allowance and approval by the administrator or executor and county judge, ex parte, and subsequent approval or disapproval at the hearing on a petition to sell real estate. It is to be observed that in each of the cases relied on in Hamilton v. Browder there appeared a rejection of the claim in the first instance by either the administrator or executor, or county judge. Accordingly, said decision is hereby overruled insofar as it conflicts with this opinion. The judgment is reversed, with directions to proceed not inconsistent with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, DAVISON, and DANNER, JJ., concur. GIBSON, J., dissents.