## HYDEN v. WILKINSON, Adm'r.

No. 29280. May 7, 1940.

Rehearing Denied May 28, 1940.

*102 P. 2d 887.*

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for nonresident heirs.

Roscoe Bell, of Oklahoma City, for defendant in error.

PER CURIAM. This appeal is from a judgment which dismissed, on jurisdictional grounds, an action brought by the plaintiff in error against the defendant in error for the purpose of establishing a claim against the estate of one Sarah E. Gault, deceased, who at the time of her demise was a ward under guardianship.

The sufficiency of the pleadings and of the evidence are not properly before us, and are in reality not involved, and therefore will not be discussed. The sole relevant issue submitted for determination is whether a claim for services rendered to a deceased ward, who, at the time of her death, was under guardianship, is one which must be presented to the guardian and adjudicated in settlement of the guardian's accounts or one which must be made against the deceased ward's estate in the same manner as claims of general creditors against other decedents' estates are made and allowed.

The trial court was of the opinion that the claim had to be made with the guardian and adjudicated in that proceeding, and therefore was one exclusively within the jurisdiction of the court wherein the guardianship was pending, and dismissed the action for said reason. We are of the opinion that the court proceeded erroneously in so doing.

The appointment of a guardian can be made only when there is a ward for whom the guardian may act; therefore, when the ward dies the guardianship of necessity terminates save for settlement by the guardian of his accounts. Missouri, O. & G. Ry. Co. v. Gentry, 31 Okla. 579, 122 P. 537; In re Bohanan, 37 Okla. 560, 133 P. 44. The settlement which the guardian is authorized to make after the death of his ward pertains only to the guardian's acts and proceedings during the lifetime of his ward. Where one holds a valid claim against the ward who dies, he proceeds properly to present such claim to the administrator or executor of the deceased ward. See Matthews v. Mires, 135 Minn. 94, 160 N. W. 187, L.R.A. 1917B, 676; State v. Thompson (Wyo.) 18 P. 2d 619; Eisenhower v. Vaughn, 95 Wash. 256, 163 P. 758; Masters v. Jones, 158 Ind. 647, 64 N. E. 213.

It is uncontroverted that the claim of the plaintiff in error was in proper form and was presented to the defendant in error as administrator of the estate of Sarah E. Gault, deceased, in proper time and that the same was disallowed and that this action was thereupon brought in a court of general jurisdiction. Under such circumstances it must be held that the plaintiff in error proceeded properly. Section 1239, O. S. 1931 (58 Okla. St. Ann. § 339); In re Barnett's Estate, 52 Okla. 623, 153 P. 623, 153 P. 653; O'Mealey v. Grum, 186 Okla. 697, 100 P. 2d 265; Osborn v. Foresythe, 54 Okla. 40, 153 P. 207; Miller v. Bradburn, 106 Okla. 234, 233 P. 736; In re Fish's Estate, 107 Okla. 12, 229 P. 803; Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025; In re Loman's Estate, 181 Okla. 241, 73 P. 2d 177; Squire v. Stephenson, 183 Okla. 132, 81 P. 2d 668.

On account of error of the trial court in holding that it had no jurisdiction over the subject matter, the cause is reversed and remanded, with directions to the trial court to overrule the motion to dismiss and to reinstate the cause upon the docket and to take and allow such other and further proceedings as may be necessary and not inconsistent with the views herein expressed.

Reversed.

WELCH, V. C. J., and OSBORN, HURST, DAVISON, and DANNER, JJ., concur.