## In re ESTATE OF IVY.

No. 9869—Opinion Filed Feb. 15, 1921.

Rehearing Denied March 15, 1921.

(Syllabus by the Court.)

1. **Executors and Administrators—Validity of Acts.**

Section 6294, Rev. Laws 1910, provides: "All acts of executor or administrator, as such, before the revocation of his letters testamentary or of administration, are as valid, to all intents and purposes, as if such executor or administrator had continued lawfully to execute the duties of his trust."

2. **Trial—General Finding—Effect.**

Where a case is tried to the court without a jury and the court makes no special findings of fact, a general finding in favor of plaintiff includes a finding upon every fact necessary to support the judgment.

3. **Executors and Administrators — Claim Against Estate—Validity of Allowance.**

The record examined, and held, the judgment of the trial court is supported by the evidence and will not be disturbed on appeal.

Error from District Court, Seminole County; J. W. Bolen, Judge.

In the matter of the estate of Louis H. Ivy, deceased. From judgment affirming allowance of claim for burial expenses, C. Dale Wolfe, administrator, brings error. Affirmed.

C. Dale Wolfe, for plaintiff in error.

Cutlip & Horsley, for defendant in error.

McNEILL, J. On February 10, 1916, C. P. Wallace was appointed administrator of the estate of Louis H. Ivy, deceased, and on February 21, 1916, gave notice to creditors to present their claims. On the 27th day of February, 1916, the Eureka Undertaking Company of Okmulgee presented its claim to the administrator amounting to $193.62 for burial expenses, as follows: $150 for casket and $43.62 for embalming; and on said date C. P. Wallace, the administrator, indorsed upon the claim that the same was allowed. On the 5th day of May, 1916, the county court heard evidence regarding said claim, and D. J. Wallace, secretary of the Eureka Undertaking Company, was produced as a witness, and testified. At said hearing he was examined by E. Guy Cutlip, attorney for administrator, and by the court and by Mr. Wolfe, who apparently represented some of the heirs. Said testimony was taken in shorthand and transcribed and the same was filed in the county court on the 6th day of June, 1916. This evidence discloses no reason why the claim should not be allowed. On the 5th day of June, 1916, Mr. Wolfe, representing certain heirs, filed a petition to revoke the letters of administration issued to Mr. Wallace and to appoint one of the heirs as administrator. Thereafter the court revoked the appointment of C. P. Wallace and appointed C. D. Wolfe as administrator, who qualified as such. Thereafter Wolfe proceeded to give notice to creditors to file their claims. On the 21st day of October, 1916, the county court set the hearing of the claim of the Eureka Undertaking Company for further hearing upon the 30th day of October. On the 22nd day of November, 1916, the county judge allowed the said claim. No evidence was taken on said hearing; or, at least, the record disclosed none was offered except the evidence taken on the 5th day of May, 1916.

The administrator gave notice of appeal from the action of the county court in allowing said claim, and the case was appealed to the district court, and there submitted upon the record in the county court, there being no evidence except the evidence taken on May 5, 1916, and the records in the case. The district court allowed said claim, and the administrator has appealed to this court.

The claim bears the indorsement of being allowed upon the 27th day of February, 1916, by C. P. Wallace, administrator, and the further indorsement that on the 7th day of September, 1916, the claim was disallowed by C. D. Wolfe, administrator, and the further indorsement "allowed" on the 22nd day of November, 1916, by A. S. Norvell, county judge.

For reversal, the administrator contends that, after the administrator, Wolfe, had disallowed the claim, upon the 22nd day of September, 1916, the county court had no authority to allow the same and relies upon the cases of Osborne v. Foresythe, 54 Okla. 40, 153 Pac. 207, and In re Barnett's Estate, 52 Okla. 623, 153 Pac. 653. These cases would be controlling if the claim had not been previously allowed by the original administrator, C. P. Wallace, who was the duly appointed administrator of said estate, or if he had no authority to allow said claim. The question for determination is whether the act of the former administrator in allowing the claim was binding on the subsequent administrator. Section 6294, Rev. Laws 1910, reads as follows:

"All acts of executor or administrator, as such, before the revocation of his letters testamentary or of administration, are as valid, to all intents and purposes, as if such executor or administrator had continued lawfully to execute the duties of his trust."

That the acts of the original administrator are binding upon the subsequent administrator, is announced by Mr. Woerner in his work, The American Law of Administration (2nd Ed.), where, on page 811 of vol. 2, he states as follows:

"It is well settled both at common law and in all the states that acts binding upon the original administrator as acts of administration, by which the right of a debtor, creditor, legatee, or distributee, against or in favor of the estate of the deceased is affected, are equally binding upon all successors. * * * Thus, the presentation to the executor of a claim against the estate is good against the administrator de bonis non, and need not be presented anew; and the subsequent resignation of the executor does not impair the value of his written acknowledgment of such presentation; or it may be proved by the admissions of the administrator made while in authority."

18 Cyc. 1320, announces the rule as follows:

"The effect of the modern extensions of the rights of the administrator de bonis non is to bind him by all acts of his predecessor lawfully performed within the scope of his duties. He is not, however, bound by acts of his predecessor which were fraudulent or illegal."

The former administrator was regularly appointed, gave proper notice to creditors, the claim was presented and allowed, and was before the county judge for his approval, and testimony was submitted to the county judge regarding the claim, all before the letters to the former administrator were revoked. There is no contention that the

former administrator was not acting within his statutory duties when he allowed the claim; it therefore follows that his act was binding on the subsequent administrator.

There is no evidence in the record that the allowance of the claim was fraudulent or illegal, nor was such a contention presented in the district court. Plaintiff in error, however, contends that the subsequent administrator would have a right to review the acts of the former administrator and disallow the claim, and relies upon the case of Husted v. Hoyt, 12 Conn. 160. This case is not in point. The only issue presented in that case was whether the administrator, who had disallowed a claim and given notice thereof under the statute of Connecticut, might afterwards at his discretion revoke the notice of disallowance. The court held in that case that the conduct of the administrator was equivalent to an express declaration that he would not insist upon the disallowance made by him, and the jury was justified in finding he waived the notice of disallowance. This case was quoted with approval in the case of Caulfield v. Green, 73 Conn. 321, to the effect that the notice of disallowance of the administrator as required by statute must be expressed and in unequivocal terms. These cases do not support plaintiff in error's contention, nor are they even authorities under a statute similar to ours.

It is contended in the reply brief that the allowance by the former administrator disclosed that he did not in fact allow the same, as the claim is signed C. P. Wallace, administrator, and on the lower line appears the initials "Per T. J. H." Plaintiff in error contends that this discloses that someone else had signed the administrator's name. No such a contention was presented in the county court, nor in the district court, and there is no evidence upon this question of fact in the record. If the signature was not the signature of C. P. Wallace attached to the claim, that was a question of fact, that could have been proven. No evidence was introduced in the trial court, so we are unable to consider that question here. The parties on both sides, in their briefs, attempt to state outside of the record as to what the initials meant, and who in fact wrote the name of C. P. Wallace, but we do not feel it is our duty to try the case here upon appeal on statements not in the record. The case was submitted to the district court upon the record, and upon that record he made a general finding in favor of allowing the claim, and the uniform holding of this court upon such a finding is stated as follows:

"Where a case is tried to the court without a jury and the court makes no special findings of fact, a general finding in favor of plaintiff includes a finding upon every fact necessary to support the judgment." Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181.

The judgment of the trial court for the claimant included a finding that the former administrator was regularly appointed, that the claim was duly presented, that he had authority to allow and did allow said claim, that his acts were binding upon the subsequent administrator, and the county judge had authority to and did allow said claim. There is no evidence in the case to disclose that any of these findings are contrary to the weight of the evidence, nor is there any evidence tending to contradict such findings.

We are unable to see any merit in the appeal, nor any valid reason why the cost for burial of decedent should not be paid. There appearing no valid reason in the record, and the finding of the trial court being supported by the evidence, the judgment of the trial court will be affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.