**TUCKER v. MASTERS et al.**

No. 12067—Opinion Filed Nov. 27, 1923.

Rehearing Denied Jan. 22, 1924.

1. **Indians—Will of Full-Blood—Sale of Allotment to Pay Debts.**

The will of a full-blood Cherokee Indian, which contains a provision directing the payment of all just debts and funeral expenses, will authorize a sale by the executor of the will of the allotment of decedent, or so much thereof as may be necessary to pay such indebtedness, under the direction of the county court having jurisdiction of the estate. Section 23, act of Congress of April 26, 1906, as amended by act of May 27, 1908, sec. 8.

2. **Same—Execution of Will—Approval.**

Under the act of Congress referred to in the above syllabus, where the testator has no living parent, spouse, or children, it is not necessary for the will to be approved as therein required.

3. **Same—Validity of Deed by Executor.**

A deed executed by the executor of the will of a full-blood Cherokee Indian, providing for the payment of all legal debts and funeral expenses, authorized and approved by the county court having jurisdiction of the estate, is valid.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by Annie Tucker against K. W. Masters, T. E. Ellis, Jr., and A. D. Morton. Judgment for defendants, and plaintiff appeals. Affirmed.

Asbury Burkhead and Norman Barker, for plaintiff in error.

Rowland & Talbott, for defendants in error.

Opinion by JONES, C. This is an action involving title to certain real estate situated in Washington county, Okla., being a part of the allotment of Nellie McKay, a full-blood Cherokee Indian woman. Said land being restricted land during the life time of the allottee. The said Nellie McKay departed this life on the 22nd day of July, 1909, testate, leaving as her sole and only heir and devisee, the plaintiff in error, Annie Tucker, next of kin of the deceased. Prior to the date of the death

of said Nellie McKay, to wit, on May 27, 1909, she executed a will in due form. in which she directed·

"First,. I direct the payment of my legal debts and funeral expenses.

"Second, I give and devise to my niece, Annie Tucker, with whom I have made my home 'for the last seven or eight years and who has largely supported and cared for me during said time, all my real estate, consisting of an allotment of Cherokee Indian land."

The will was filed for probate and admitted to be the last will and testament of the said Nellie McKay, and after the probation of same the executor named therein, George F. Bailey, filed his petition in the county court, asking that he be permitted to sell a portion of the allotment of the said Nellie McKay, to wit, 40 acres, for the purpose of paying the expenses of the last sickness and funeral expenses and cost of the administration of the decedent's estate. which order was granted and the land thereafter sold, and the sale duly approved. And the defendants in error were the purchasers and subsequent grantees now holding said land. The case was tried to the court on the 19th day of September, 1919, counsel for plaintiff and defendant having agreed to waive a jury, and on the 26th day of October, 1920, the matter having been taken under advisement by the court, the court rendered its final decision, finding the issue as submitted on the evidence in favor of the defendants, and rendering judgment against plaintiff for all costs of said action, from which order and judgment of the court plaintiff in error appeals. Plaintiff in error sets forth numerous assignments of error, but there is only one which we think necessary to consider, and in our judgment is controlling in this case:

The sixth assignment of error is as follow:

"Said court erred In holding that the administrator of the estate of Nellie McKay, a Cherokee full-blood Indian, had a lawful right to sell her restricted land after her death to satisfy the alleged claims and debts against the said Nellie McKay, deceased."

Plaintiff in error further alleges that the court erred in holding that such sale was not void under section 4, act of Congress approved May 27, 1908, which is as follows:

"That all land from which restrictions have been or shall be removed shall be subject to taxation and all other civil burdens as though it were the property of other persons than allottees of the Five Civilized Tribes: provided, that allotted lands shall not be subject or held liable to any form of personal claim, or demand against the allottees arising or existing prior to the removal of restrictions. other than contracts heretofore expressly permitted by law."

—and also cites the case of Redwine v. Ansley, 32 Okla. 317, 122 Pac. 679, upholding the provision of the federal act above-quoted, and also cites Eastern Oil Company v. Harjo, 57 Okla. 676, 157 Pac. 921, and calls attention to the first paragraph of the syllabus thereof, which is as follows:

"The allotment of a full-blooded Creek Indian, who died in April, 1910. intestate, passed to his heirs free from the debts created by the allottee before his death, and the probate court did not acquire jurisdiction to sell the allotment to pay the debts. and a deed executed by the administrator of the estate of the allottee, upon a sale made to pay the debts of the deceased allottee, is void, and the grantee in said deed acquires no title as against the heirs of the allottee."

But we cannot agree with counsel in their contention that the rule announced in these authorities is applicable or should control in this case. The court was dealing with an estate in which the allottee died intestate. We think that under the law as it exists there is no prohibition against a full-blood Indian executing a will and making such final disposition of his allotments as he may desire.

We think the issue here involved is that of whether or not Nellie McKay, being a full-blood Cherokee Indian, had a right to make a disposition of her allotment by will and whether or not the provisions of the will are valid and should be sustained.

Section 23 of the act of Congress of April 26, 1906, as amended by act of May 27, 1908, provides (sec. 8):

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal and all interest therein: provided, that no will of a full-blood Indian devising real estate shall be valid. if such last will and testament disinherits the parent, spouse (wife) or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States court. for the Indian Territory, or a United States commissioner, or a judge of county court of the state of Oklahoma."

The record in this case does not disclose that the will in question was ever approved as provided by the act of Congress, but it seems to be agreed that Nellie McKay had no kindred living who come within the provision of the act. and that Annie Tucker was the sole and only heir at law and next of kin: hence the will in no wise

disinherits any kindred named in the act, and we therefore are of the opinion that whether the will was ever approved or not is immaterial.

Defendants in error cite no authorities construing this particular phase of the case upholding their contention as to the validity of the will except the act of Congress above quoted, and we take it there is a dearth of authorities on this question, but in view of the fact that Congress specifically authorized the execution of such a will as the one with which we are here concerned, and it being a universal rule of law that all persons are justified and authorized to make such disposition of their property by will as they may desire, subject only to such statutory enactment as may be in existence, we see no good reason why the provisions in the will directing the payment of her just debts and funeral expenses should not be upheld. And we think there is no conflict between section 4 of the act of Congress of May 27, 1908, and section 23 of the act of Congress of April 26, 1906, and as amended by section 8 of the act of May 27, 1908. Section 4 protects the allotment in the hands of the heirs of the allottee from the liabilities of the allottee and from being subjected to any kind of execution or forced sale for payment of indebtedness incurred by the allottee during his life time. In other words it merely extends the restriction and exempts the allotment from the indebtedness. Section 23 of the act of 1906, authorizing the execution of a will by the allottee, places the disposition of the allotment after death in the hands of the allottee and he may make such disposition of his allotment as he deems proper and if he desired to waive the restriction and exemption placed upon the allotment he may do so by will.

This issue being decisive of the rights of the parties in this case, we make no mention of the other contentions raised by specifications of error, and recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.