## HATCHER et al. v. WADE'S ESTATE et al.

No. 27265.    Sept. 28, 1937.

Ben Hatcher, for plaintiffs in error.

Tal Crawford and D. H. Linebaugh, for defendants in error.

PHELPS, J.    Plaintiffs in error appeal from the order of the district court of Pontotoc county reversing the action of the county court allowing their claim for services as administrator with will annexed, and attorney, respectively, in the estate of George Wade, deceased. Herein plaintiffs in error will be referred to as claimants, and defendants in error as defendants. The facts are not in dispute and may be summarized as follows:

George Wade, a full-blood Chickasaw Indian, died testate in Pontotoc county possessed of his tribal allotment of about 200 acres of land and approximately $100,000 in cash in the hands of the government agents. Minnie M. Wade, widow of the deceased, and two of their children filed their petition asking that the will be admitted to probate and that George Wade, Jr., the person named in the will, be appointed executor. Upon the hearing the county court declined to appoint the person named in the will and also refused to appoint any of the heirs of the deceased or any of the persons named as beneficiaries under the will for the reason (as given by the court) that all such persons having a prior right to the appointment as executor were incompetent by reason of improvidence.    Thereupon the court appointed Ben Hatcher, one of the claimants

herein, a disinterested person, as administrator with will annexed. The widow and children appealed from the order appointing Hatcher and attempted to withdraw their request for the appointment of George Wade, Jr., as executor, and requested the court to appoint S. H. Mount. The district court held that it was without authority to make the requested appointment and confirmed the appointment of Hatcher. No appeal was taken from the action of the district court. Thereafter, the widow and two sons filed their petition in the county court requesting that the letters of administration issued to Ben Hatcher be revoked and asked for the appointment of S. H. Mount. The county court declined to appoint Mount and refused to revoke the appointment of Hatcher. An appeal was taken to the district court, which reversed the judgment of the county court and directed that letters of administration with will annexed be issued to S. H. Mount. In compliance with the order of the district court, Hatcher's appointment was subsequently revoked and letters were issued to S. H. Mount.

Hatcher served as administrator from January 3rd to October 21, 1933. Pursuant to his appointment, Hatcher qualified as provided for by law, published notice to creditors, filed an inventory and appraisement, accepted and passed upon claims against the estate, made application to the federal authorities for refund of taxes alleged to have been illegally paid by the Wade estate, secured an order of court setting aside personal property to the widow and assisted the attorney, John H. Fryer, in defending the validity of the will against a contest instituted by certain beneficiaries. Subsequent to the revocation of his letters, Hatcher presented to the county court his claim for services as such administrator, and for compensation for the services of his attorney. The county court allowed Hatcher $475 for his services, together with $10 expenses. The court also allowed claimant Zayda McKeel, administratrix of the estate of John H. Fryer (who had died after rendering the services), $490 for legal services to said estate. The successor administrator appealed to the district court from the order allowing these claims, and the district court disallowed said claims as a charge against the estate of the deceased. From this judgment, and an order overruling motion for new trial, claimants appeal.

It is not contended that claimants did not perform the duties pertaining to their respective trusts according to law and the orders of the court, nor is it contended that the appointment of Hatcher was the result of improper motive. It is admitted that the appointment of Hatcher was, at most, a misunderstanding of the law. Beyond doubt the acts of the administrator were valid. Section 1188, O. S. 1931, reads:

"All acts of executor or administrator, as such, before the revocation of his letters testamentary or of administration, are as valid, to all intents and purposes, as if such executor or administrator had continued lawfully to execute the duties of his trust."

In re Ivy's Estate, 80 Okla. 278, 196 P. 134, in the body of the opinion, this court held:

"The former administrator was regularly appointed, gave proper notice to creditors, the claim was presented and allowed, and was before the county judge for his approval, and testimony was submitted to the county judge regarding the claims, all before the letters to the former administrator were revoked. There is no contention the former administrator was not acting within his statutory duties when he allowed the claim; it therefore follows his act was binding on the subsequent administrator."

In Re Pingree's Estate, 25 P. (2d) 937, 90 A. L. R. 96, the Supreme Court of Utah, quoting from In re Owen's Estate (Utah) 91 P. 283, said:

" 'The appointment of respondent must therefore be treated as valid until it was revoked in a proceeding for that purpose. Such a proceeding was brought, and such a judgment was rendered by this court. But the respondent, who apparently acted in good faith, and who qualified and accepted the trust to which he was appointed, and who proceeded under his appointment to administer the estate, would be entitled to credit for reasonable disbursements, costs, and expenses, and for commissions earned in the proper discharge of that trust during the time of his appointment.' "

The rule enunciated in the foregoing cases is sustained in 11 R. C. L. 86:

"Where letters of administration have been granted on the estate of a decedent to one not entitled to the appointment, the acts of such administrator are valid although the order appointing such person may be voidable in a direct proceeding instituted by those having a superior right. This rule rests upon the doctrine that in such cases the essential basis of jurisdiction exists, and the appointment of the wrong person is but an irregularity, subjecting the order of appointment to direct attack, but not in-

validating acts done in pursuance of the law, in the course of administration by him who has been erroneously appointed." [In re Workman's Estate (Ore.) 65 P. (2d) 1935.]

The county court approved the appointment of John H. Fryer as attorney. The attorney entered actively upon his duties and, among other things, appeared as attorney (along with other counsel selected by certain beneficiaries) in defending the probate of the will against a contest which reached this court on appeal. [Wheeler v. Wade, 172 Okla. 365, 45 P. (2d) 66.]

In re Estate of Wah-Kon-Tah-He-Ump-Ah, 128 Okla. 179, 261 P. 972, this court, in the syllabus, held:

"Where an executor may be allowed for fees paid to or to be paid to an attorney, out of an estate, as expenses necessarily incurred in the preservation of such estate, it is immaterial whether such item of expense be first allowed to the executor and by him paid to the attorney, or whether it be allowed direct to the attorney. The question of necessity for counsel or assistant counsel and the question of the compensation to which such counsel may be entitled are questions of fact, and where the court's finding as to such facts is clearly supported by the evidence, the finding will not be disturbed."

In Nichols v. Wallace, 155 Okla. 231, 9 P. (2d) 430, this court approved fees paid to the attorney for the administrator, and in the syllabus held:

"An attorney who, under employment by an administratrix, renders necessary services beneficial to the estate of the deceased in the settlement thereof, is entitled to a reasonable fee for such services, and the county court has jurisdiction to make the allowance direct to the attorney, even though the administratrix refuses to pay the claim and objects to any allowance therefor."

In their brief, counsel for defendants argue that the claims allowed by the county court are not a proper charge against the estate of George Wade, deceased, for the reason that the deceased was an enrolled full-blood Chickasaw Indian. We have examined the authorities submitted in support of this contention and conclude that they are not in point. Most of the cases cited deal with the question of whether the estate of the deceased is liable for the payment of debts incurred during the lifetime of the allottee. Other cases involve questions affecting the property of an allottee dying intestate. In Tucker v. Masters, 97 Okla. 70, 222 P. 259, this court held that under the Act of Congress of April 26, 1906 (sec. 23, 34 Stat. 145), as amended by Act of May 27, 1908 (sec. 8, 35 Stat. 315). the full-blood Cherokee Indian was authorized to execute a will and that the county court of the proper county had jurisdiction in the probate thereof. Blundell v. Wallace, 96 Okla. 26, 220 P. 40.

In the present case we are considering a situation wherein the county court of Pontotoc county had jurisdiction of the estate of George Wade, deceased. The claims allowed were expenses incurred in the administration of an estate wherein, generally, the proceedings are conducted as provided for by laws of the state relating to the probate of wills of other citizens. The reasonableness of the claims allowed are not in dispute. The fact that all of the estate of the deceased did not come into the possession of Hatcher as administrator is, in our opinion, not sufficient reason for disallowing the claim for services rendered, nor is the fact that the appointment was improperly made a sufficient ground for disallowing the claims. The general rule seems to be that where an executor or administrator resigns or is removed before completing administration, it is generally a question of judicial discretion as to whether compensation shall be allowed, and in what amount, within statutory limitations. Note 94, A. L. R., p. 1102.

Under the facts we conclude that the claims filed by the claimants are valid and should be allowed. The judgment of the trial court is reversed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.