**In the Matter of the ESTATE OF Thomas JONES, Deceased.**

**Bertha TILKINS, et al., Appellants,**

**v.**

**Bill PARKS, Appellee.**

**No. 63965.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 10, 1985.

Rehearing Denied Oct. 10, 1985.

Certiorari Denied Dec. 10, 1985.

Released for Publication by Order of Court of Appeals Dec. 20, 1985.

L. Susan Work Haney, Oklahoma Indian Legal Services, Seminole, for appellants.

William D. Huser, Wewoka, for appellee.

HANSEN, Judge:

Does a provision in a will of a Seminole Indian of half-blood, directing all his just debts be paid as soon as practicable from the funds of his estate, waive the federal statutory restriction against alienation of the property and allow the sale of the property to pay his debts? We answer this narrow question in the affirmative.

Thomas Jones died testate owning 38 acres of restricted land in Seminole County, a 1972 Oldsmobile station wagon, and little else. A petition for Letters of Administration with Will Annexed was filed by his heirs, Thomas Jones and Bertha Tilkens, appellants herein. The will was admitted to probate and Bertha Tilkens was appointed personal representative. Eight creditors filed claims against the estate, all of which were disallowed by Tilkens.

Tilkens filed the disallowed claims with an application asking the trial court to determine if the 38 acres of restricted land could be sold to satisfy these claims. The court rendered default judgment against all creditors except Bill Parks, appellee herein. He is the only creditor involved in this appeal.

Thomas Jones' Will provided in pertinent part:

### I.

I direct that all my just debts, the expense of my last illness, my funeral expenses and the expense of my administration be paid as soon as practicable from the funds of my estate.

### II.

I declare that I owe a note and mortgage to Marshall Huser for the principle amount of $1,000.00 and if it is not paid when I die, I want my Executrix to sell my land and use the proceeds of the sale to pay off the note and mortgage, pay my funeral bill and the expense of my last illness and if there is any money left,

I hereby give, devise and bequeath any money left to my beloved daughter, Bertha Tilkins and my son, Thomas Jones, Jr., in equal shares.

### III.

I hereby appoint my dear friend, Mary Robinson, of Okemah, Oklahoma, as Executrix of this my Last Will and Testament. She to serve without bond.

### IV.

All the rest and residue of my estate, I hereby give, devise and bequeath to my daughter, Bertha Tilkins and my son, Thomas Jones, Jr., in equal shares.[1]

Thomas Jones executed this will on the same date he executed the mortgage to Marshall Huser mentioned in the will. Mr. Huser released the mortgage on December 16, 1982. On November 12, 1982, Thomas Jones had executed another mortgage in favor of Appellee, securing a debt of approximately $2,800.00. Appellee sought to have the land sold to satisfy this debt.[2]

The matter came on for hearing on Tilkens' request for a determination of the exempt status of the restricted land. The court found the will to be valid. It also found it was the intent of Jones that the restricted land be sold if necessary to pay the debts of his estate. The Indian heirs appeal.

Jones inherited the land from his mother, a full blooded enrolled Seminole Indian, the original allottee. Her will stated the land was "to remain restricted and tax exempt, as provided by the Acts of Congress." The

---

1. Although the will did not mention his daughter Geneva Jones, the trial court determined she was also a legal heir. This is not challenged.

2. Parks also filed a separate action to foreclose his mortgage. That action is not a part of this appeal.

parties stipulated the land was still restricted at the time of Jones' death.

Land originally allotted to the Seminole tribe, as one of the five civilized tribes, could not be alienated without compliance with certain restrictions which have run with the land since it was allotted. 25 U.S.C. § 355 (1983) authorizes state court jurisdiction over land belonging to the five civilized tribes. Other Acts of Congress govern the restrictions.[3]

A discussion of the historical aspect of the very extensive Acts of Congress significant to the issue of the nature of the land in the hands of the heirs as restricted or unrestricted is unnecessary for a determination of this appeal. The issues can be resolved by examining Oklahoma case law.

*Tucker v. Masters,* 97 Okla. 70, 222 P. 259 (1923), dealt with a situation very similar to the present case, except the testator there was the original allottee of the restricted land. In that case the allottee's will provided:

"First I direct the payment of my legal debts and funeral expenses.

Second. I give and devise to my niece, Annie Tucker, with whom I have made my home for the last seven or eight years and who has largely supported and cared for me during said time, all my real estate, consisting of an allotment of Cherokee Indian land."

The executor petitioned the court asking that he be permitted to sell a portion of the allottment to pay the expenses of the last illness, funeral expenses, and administration of the estate. The order was granted. Annie Tucker appealed, claiming the executor had no right to sell the restricted land to satisfy claims against the testator. The Oklahoma Supreme Court held there was no prohibition against an Indian executing a will disposing of his allotment, citing § 23 of the Act of Congress of April 26, 1906, 34 Stat. 137, 145 as amended by the Act of May 27, 1908 § 8, 35 Stat. 312, 315. This section states:

"Every person of lawful age and sound mind may by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein: Provided, that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent (wife), spouse, or children of such full-blood Indian, unless acknowledged before and approved by a judge of the United States Court for the Indian Territory, or a United States commissioner, or a judge of a county court of the State of Oklahoma."

The court held in view of the fact Congress specifically authorized the execution of a will, it saw no good reason why the provisions in the will directing payment of her just debts should not be upheld. It affirmed the trial court's order of sale.

*Tucker* was cited with approval in *In the Matter of the Estate of Brown,* 600 P.2d 857 (Okla.1979). In that case the will provided for a power of sale, but the holding of the decision was the same. An Indian heir to real property, who took title from a full-blooded allottee of such land, may, by will, order such premises sold to satisfy his debts.

In their brief Appellants agree Thomas Jones had the right to dispose of his restricted land by will and to authorize its sale to pay his debts. But Appellants claim the will did not expressly authorize the sale of his land. Thus it remains restricted in the hands of his heirs and not subject to sale to satisfy Jones' debt to Appellee.

Appellants argue use of the word "funds" meant liquid assets, not realty. In addition they make a strong point that had the proviso directing payments of his debts been indicative of his intent the land should be sold to satisfy his debts, then the proviso directing the sale of the land to satisfy his debt to Huser would have been surplusage and inoperative.

■ A provision in a will relating to debts is directory only and cannot be con-

---

**3.** Act of April 26, 1906, 34 Stat. 137
Act of May 27, 1908, 35 Stat. 312

Act of August 4, 1947, 61 Stat. 731
Act of August 11, 1955, 69 Stat. 666

strued as an intention that it come from any particular portion of the estate.[4] Generally all of a decedent's property is charged with liability for payment of debts. If no property is expressly appropriated by the will for such purpose, 84 O.S.1981 § 3(3) provides debts should be paid from property devised to a residuary legatee.

The mortgage to Huser has been released. There is no other mention of the land in the will. It becomes part of the residuary estate and would be routinely charged with the Jones' debts were it not for its restricted character.

Was it the intent of Thomas Jones that his land be sold to satisfy his debts? We believe it was. He expressly stated he wanted his debts paid. The proviso ordering the land sold and the proceeds used to satisfy his debt to Huser indicate a willingness for the land to be sold for that purpose.

Where a testator's intention is plainly expressed in the will, the reviewing court cannot deduce from surrounding circumstances an intention different therefrom.[5]

Jones' will stated he wished his debts to be paid. He did not specifically devise his restricted land to anyone. He acknowledged the land could be sold to satisfy a debt. *Tucker* is still the law in Oklahoma and it controls the situation here.

AFFIRMED.

HUNTER, P.J., and HOWARD, J., concur.

---

**4.** *In re Fletcher's Estate,* 308 P.2d 304 (Okla. 1957).

**5.** *Noble v. Noble,* 205 Okla. 91, 235 P.2d 670, 26 A.L.R.2d 1200 (1951)