[Civil No. 764.   Filed March 18, 1902.]

[68 Pac. 534.]

CHARLES W. WARTMAN, Plaintiff and Appellant, v. B. G. PECKA, as Administrator of the Estate of Charles H. Pierce, Deceased, Defendant and Appellee.

1. ATTACHMENT — DEATH OF DEFENDANT — ABATEMENT — LIEN—FORE-CLOSURE—REV. STATS. ARIZ. 1887, PARS. 67, 68, 725, CONSTRUED.— Paragraph 67, *supra,* provides that ''the execution of the writ of attachment upon any property of the defendant subject thereto . . . shall create a lien from the date of such levy on the real estate levied on. . . .'' Paragraph 68, *supra,* provides that ''should the plaintiff recover in the suit, the court shall direct . . . the sale . . . of the real estate levied on to satisfy the judgment.'' Under these statutes, the attachment proceeding becomes an integral part of the action, and the provisions of paragraph 725, *supra,* providing that an action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue, apply, and embrace the foreclosure of the lien as well as the cause of action.

2. STATUTORY CONSTRUCTION — ATTACHMENT —ABATEMENT—LIEN—NOT DESTROYED BY DEATH—PROBATE ACT—MUST BE CONSTRUED IN LIGHT OF OTHER LAWS—INTENT OF LEGISLATURE MUST BE SPECIFICALLY STATED.—Where the attachment law fixes a lien upon property and points out a method for its enforcement, and the abatement law makes the remedy available, notwithstanding the death of the defendant, the Probate Act must be construed in the light of these laws; and before it should be held that such lien is destroyed by the death of the defendant the legislative intent that this should result should not be inferred from a failure to specifically recognize the continuance of such lien in the probate laws, but it should appear from some positive declaration of the statute.

3. EXECUTORS AND ADMINISTRATORS—DUTIES—DISTRIBUTION OF ESTATE —PRESENTATION OF CLAIMS—ATTACHMENT—FORECLOSURE—PRIORI-TIES—REV. STATS. ARIZ. 1887, PARS. 1117, 1119, 1176, 1232, CITED AND CONSTRUED.—Paragraph 1117, *supra,* prohibits the bringing of an action against an estate unless the claim is first presented to the executor or administrator, except that an action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint. Paragraph 1119, *supra,* provides that claims must be presented even though action be pending at the time of decedent's death, and that no recovery shall be had unless proof of such presentation

be made. Paragraph 1176, *supra,* requires executors and administrators, where a sale is made of lands subject to mortgage or other lien, which is a valid claim against the estate, and has been presented and allowed, to apply the proceeds first to the payment and satisfaction of the mortgage or other lien. Plaintiff attached real estate prior to the death of the owner, and after the owner's death amended his complaint asking the foreclosure of his lien, but failed to waive all recourse against other property. *Held,* that the court had no authority to order a foreclosure of the lien by a sale of the property, but should require the payment and discharge of the judgment rendered in due course of administration, giving preference to the attachment lien in case a sale of the real estate is necessary to satisfy the judgment in the order of its priority over other valid liens.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Reversed.

The facts are stated in the opinion.

Thomas D. Bennett, for Appellant.

That the death of the defendant pending suit does not defeat the lien of an attachment theretofore levied, see *Dow* v. *Blake,* 148 Ill. 76, 35 N. E. 761, 39 Am. St. Rep. 156; *Cochrane* v. *Loring,* 17 Ohio, 409; *More* v. *Thayer,* 10 Barb. 258; *Fitch* v. *Ross,* 4 Serg. & R. 557; *Lord* v. *Allen,* 34 Iowa, 281; *Mitchell* v. *Schoonover,* 16 Or. 211, 8 Am. St. Rep. 282, 17 Pac. 867; *Boyd* v. *Roberts,* 10 Heisk. 474.

Thomas E. Flannigan, for Appellee.

That the death of the defendant destroys the lien of the attachment, see *Myers* v. *Mott,* 29 Cal. 359, 89 Am. Dec. 49; *Hensly* v. *Morgan,* 47 Cal. 622; *Ham* v. *Henderson,* 50 Cal. 367; Green v. Barker, 14 Conn. 432; *Kingsbury* v. *Baker,* 34 Mass. 429; *Vaughan* v. *Sturtevant,* 7 R. I. 372; *Upham* v. *Dodge,* 11 R. I. 621; *Collins* v. *Duffy,* 7 La. Ann. 39; *Phillips* v. *Ash,* 63 Ala. 414; *Lipscomb* v. *McClellan,* 72 Ala. 151; *Sweringer* v. *Elerins,* 7 Mo. 421, 38 Am. Dec. 463; *Kendrick* v. *Huff,* 71 Mo. 570; *Abernathy* v. *Moore,* 83 Mo. 65.

SLOAN, J.—The appellant filed an action in the district court of Maricopa County against J. E. Williams and Charles

H. Pierce to recover upon a promissory note. On the same day an attachment was sued out and levied on real estate of the defendant Pierce, situate in the city of Phœnix. The defendant Pierce, who was a resident of the state of Georgia, died before the service by publication of summons was completed. The defendant Williams, after service of summons upon him, did not appear, but suffered judgment by default to be taken against him. The death of Pierce having been suggested to the court, B. G. Pecka, the duly appointed administrator of the estate of said Pierce, was ordered to be substituted as defendant in place of said deceased, and the case to proceed against said administrator. Thereafter appellant amended his complaint, making said administrator party defendant, and praying for the foreclosure of the attachment lien on the real estate levied upon. After trial the court below found that appellant was entitled to personal judgment for the amount sued for against Pecka as administrator of the estate of Charles H. Pierce, deceased, to be paid in due course of administration, and further found "that the lien of said attachment was *ipso facto* by the death of the defendant Pierce dissolved, and this claim against his estate is entitled to no preference thereby." Judgment was entered in accordance with the findings of the court. Appellant appealed from that part of the judgment which holds that the lien of the attachment was dissolved by the death of defendant Pierce, and which ordered the amount recovered to be paid in the due course of administration, without preference.

The appeal in this case raises but one question: Does the death of a defendant after suit brought, and after the levy of an attachment has been consummated upon his property, *ipso facto* dissolve the lien of such attachment? There is a conflict of authority upon this point. This appears to be true, even in states having statutes providing that an action shall not abate, in which the cause of action survives, upon the death of the defendant, and permitting the executor or administrator to be made a party defendant, and the case to proceed against the latter. The question, so far as this territory is concerned, is an open one, and must be determined from a consideration of the attachment law, the Practice Act, and various sections of the probate statutes which bear upon the subject.

Paragraph 67 of the Revised Statutes of 1887 provides that "The execution of the writ of attachment upon any property of the defendant subject thereto, unless the writ should be quashed or otherwise vacated, shall create a lien from the date of such levy on the real estate levied on, and on such personal property as remains in the hands of the attaching officer, and on the proceeds of such personal property as may have been sold."

Paragraph 68 further provides that "Should the plaintiff recover in the suit, the court shall direct the proceeds of the personal property sold to be applied to the satisfaction of the judgment, and the sale of the personal property remaining in the hands of the officer and of the real estate levied on to satisfy judgment."

It will be observed that the former paragraph declares that the execution of the writ of attachment upon the property of the defendant creates a lien from the date of such execution, which remains until "quashed or otherwise vacated." What will vacate the attachment lien is not stated. The latter paragraph provides for the foreclosure of the attachment lien in the action. Our attachment law in this respect follows that of Texas, from whence it came to us. Elsewhere the general rule is that the lien of attachment continues only until it is merged in the lien of an execution under which the property levied upon is sold to satisfy the judgment. Under our statute no execution need be levied upon property held under attachment, and directed by the court to be sold in satisfaction of the judgment, for the order of the court is sufficient warrant to the sheriff or other officer to sell. In this respect the proceeding is analogous to the sale of property under judgment foreclosing a mechanics' lien. The attachment proceeding becomes, therefore, an integral part of the action; and the provisions of paragraph 725 providing that an action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue, apply, and embrace the 'foreclosure of the lien, as well as the cause of action.

It is urged that, notwithstanding the provisions of the attachment and abatement laws, the death of a defendant before judgment must be held to dissolve an attachment against his property, for the reason that our Probate Act

contains no specific provisions for its enforcement. It was for the latter reason that the supreme court of California, in the case of *Myers* v. *Mott,* 29 Cal. 359, 89 Am. Dec. 49, which has become the rule of law in that state, held that the death of a defendant pending the action destroys the lien of an attachment levied upon his property, and that the latter passes into the hands of the executor or administrator, to be administered upon in the due course of administration. The decision was reached by a divided court, and the reasoning in the case is far from conclusive. We hold that the Probate Act in this regard should be construed in the light of the attachment and abatement laws. As we have seen, the attachment law fixes a lien upon property, and points out a method for its enforcement; and the abatement law quoted must be construed to make the remedy available notwithstanding the death of the defendant. Before, therefore, it should be held that such lien is destroyed by the death of the defendant, the legislative intent that this should result should not be inferred from a failure to specifically recognize the continuance of such lien in the probate laws, but it should appear from some positive declaration of the statute. The argument in the Myers case, carried to its fullest extent, would have the effect of destroying all liens, both voluntary and *in invitum,* the payment and discharge of which are not specifically provided for in the probate court.

An examination of the Probate Act has satisfied us that the power to foreclose an attachment lien remains in the district court, notwithstanding the death of the defendant, and that there is no real difficulty in reconciling the provisions of the Probate Act with this view.

Paragraph 1117 of the Revised Statutes provides that ''No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented.''

Paragraph 1119 provides that ''If an action is pending

against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentations required.''

The latter section must be read in the light of the former section, and the provisions with reference to the foreclosure of a mortgage or other lien in the former should be read to apply to an action for the foreclosure of such mortgage or lien pending against the decedent at the time of his death. There is no good reason for requiring the presentation of a claim secured by mortgage or lien to the executor or administrator or probate judge where suit has actually been brought thereon, and in which all recourse against any other property of the estate than that covered by said mortgage or lien is expressly waived, than there is in the case where suit is brought after the death of the defendant. Strength is added to this view of the statute when we consider the provision of paragraph 1122, to the effect that, if an execution be actually levied upon any property of the decedent before his death, the same may be sold for the satisfaction thereof, and that the officer making the sale must account to the executor or administrator only for the surplus in his hands. Under the statute an execution lien is of no higher order than an attachment lien, both being liens *in invitum* given for the purpose of enforcing the satisfaction of judgments against the property of judgment debtors. If section 1117 is to be construed as embracing an action pending against the decedent at the time of his death, it follows that, before the plaintiff in any such action may enforce an attachment lien, he must comply with the requirement as to an express waiver of all recourse against any other property of the estate. This he may do, if he so elects, by amending his complaint in that behalf. Should, however, the plaintiff present his claim to the executor or administrator for allowance or rejection, and make no waiver as required in paragraph 1117, then we think there is still ample provision in other sections of the probate act which save to him his attachment lien, to be enforced in due process of administration.

Paragraph 1176 reads as follows: ''When any sale is made by an executor or administrator, pursuant to the provisions

of this chapter, of lands subject to any mortgage or other lien, which is a valid claim against the estate of the decedent, and has been presented and allowed, the purchase money must be applied, after paying the necessary expenses of the sale, first to the payment and satisfaction of the mortgage or lien, and the residue, if any, in due course of administration. The application of the purchase money to the satisfaction of the mortgage or lien must be made without delay, and the land is subject to such mortgage or lien until the purchase money has been actually so applied. No claim against any estate which has been presented and allowed, is affected by the statute of limitation pending the proceedings for the settlement of the estate. The purchase money, or so much thereof as may be sufficient to pay such mortgage or lien, with interest, and any lawful costs and charges thereon, may be paid into the probate court, to be received by the clerk thereof, whereupon the mortgage or lien upon the land must cease, and the purchase money must be paid over to the clerk of the court without delay, in payment of the expenses of the sale, and in satisfaction of the debt to secure which the mortgage or other lien was taken, and the surplus, if any, at once returned to the executor or administrator, unless for good cause shown, after notice to the executor or administrator, the court otherwise directs.''

It will be observed that the language, "subject to any mortgage or other lien,'' is quite broad enough to include an attachment lien. The provision in the same paragraph that land "subject to mortgage or other lien'' shall not be released from the burden of such mortgage or lien until sold, and the purchase money actually applied to the satisfaction thereof, must control those sections of the statute which regulate the payment of debts and the distribution of the estate. The latter must be construed, so far as a mortgage or lien on real estate is concerned, as providing for the payment of debts out of the general funds in the hands of the executor or administrator available for that purpose, in the order directed by these sections, and not as affecting the rights of a holder of such mortgage or lien by permitting other debts unsecured to have preference, and be first paid out of the proceeds of the property mortgaged, or upon which a lien may have attached, when the latter is insufficient for the pay-

ment of such debts and the full discharge of such mortgage or lien. A mortgage binds property in the hands of an administrator as fully and with the same force and effect as in the hands of the decedent in his lifetime. The provision, therefore, in paragraph 1232, that mortgages shall be paid after the funeral expenses, expenses of the last sickness, and debts having preference by the laws of the United States and of this territory, is not to be construed as limiting the provisions of paragraph 1176, but must be construed as directing merely the payment of debts out of the general funds of the estate in the order named.

In this case, appellant, in his amendment of the complaint, asked for the foreclosure of his attachment lien, but did not expressly waive all recourse against the other property of the estate, if any there be. We do not think, therefore, that the court had authority, under the pleadings, to order a foreclosure of his lien by a sale of the property; but we find that the court had ample authority, and in fact it was its duty, to require the payment and the discharge of the judgment rendered in due course of administration, giving preference to the attachment lien in case a sale of the real estate be necessary to satisfy said judgment in the order of its priority over other valid liens, if any there be.

The judgment of the lower court will be reversed, and a judgment in this court entered in conformity to the judgment of the court below, to the extent of the personal judgment, and which, in addition, will establish the attachment lien on the real estate described in the complaint as of the date of its levy and record, to wit, April 18, 1900, and direct that said judgment shall be paid in due course of the administration of the estate of Charles H. Pierce, deceased, and that said real estate shall be subject to said attachment lien until paid and satisfied out of the general funds of the estate, and, if said general funds be insufficient, then out of the proceeds of a sale of said real estate in the order of the priority of said lien.

Davis, J., and Doan, J., concur.