[Civil No. 3907. Filed November 1, 1937.]

[72 Pac. (2d) 950.]

STATE OF ARIZONA, Appellant, v. ANTOINETTE GREENHAW, Administratrix of the Estate of MARY ADELINE GRAY, Deceased, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, his Assistant, for Appellant.

Mr. H. M. Van Denburgh, for Appellee.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Maricopa county establishing a claim of Antoinette Greenhaw against the estate of Mary Adeline Gray, deceased, as a prior claim to those of the state of Arizona and the county of Maricopa for moneys advanced to deceased under the Old Age Pension Act of 1933 (Laws 1933, chap. 34). The facts of the case are admittedly as follows:

Antoinette Greenhaw was, at some time not shown by the record, appointed as guardian of the person and estate of Mary Adeline Gray, an incompetent person, and acted as such for a considerable period of time. On the 6th of June, 1936, Gray died, and Greenhaw was appointed as administratrix of her estate. On the 21st of September, Greenhaw filed her final account and petition for discharge in the guardianship estate, and the matter coming on regularly to be heard, it was ordered that the account be approved, and

"that said Antoinette Greenhaw personally is hereby expressly allowed the total sum of one thousand and one hundred and fifty-seven and 38/100 dollars for all care and maintenance of said ward furnished by said Antoinette Greenhaw to the date of June 6, 1936, same being date of said ward's death; that said sum constitutes the obligation of said estate of said ward to Antoinette Greenhaw and said sum constitutes a charge and lien on the estate of said ward including real property, consisting of that described in said petition";

and the guardianship estate was ordered closed. Thereafter, and on the 31st of October, Greenhaw filed a claim in the estate of the deceased, based on the allowance made in the guardianship estate above set forth, and the claim being by the administratrix it was, according to law, presented to the judge of the superior court in charge of the estate of the deceased, and was allowed as a preferred claim, and a charge and a lien against all of the estate, including the real property. The state of Arizona and the county of Maricopa at the same time filed their claims for old age pension moneys paid to the deceased while she was under guardianship, which claims were duly approved and allowed as preferred claims by the administratrix and the judge. On March 2, 1937, the administratrix filed a petition asking that the court determine the relative priorities of the three claims,

setting the facts up as aforesaid. To this petition the state demurred, assigning four grounds; (a) That the court having jurisdiction of the guardianship had no authority to make any order declaring a lien upon the estate of the incompetent; (b) that if it had such authority, the proper procedure was by foreclosure of the lien, and not by an allowance of the full amount out of the estate of the decedent; (c) that the statute expressly makes sums paid by the state and county under the Old Age Pension Act a preferred claim against the estate of the decedent, taking precedence over all claims except those for expenses of administration and the last illness and burial of the deceased; and (d) that the petition was, in effect, an attempt to make the expenses and charges of the guardianship expenses of the administration of the estate of the decedent.

The appellant, in its brief, has set forth many propositions of law in regard to procedure in the estates of incompetents and decedents which, standing by themselves, are correct; but we think the cases it cites in support thereof do not involve the vital issue in the present proceeding, and are, therefore, not in point. This issue, in our opinion, may be stated as follows: When a person is under a guardianship both of the estate and person and subsequently dies, what portion of his estate is subject to disposal under the law fixing priorities for the estates of decedents? Is it the gross assets in the hands of the guardian at the time of death, or is it the net property left after the guardianship has been properly closed? We are of the opinion that the logical answer is that the estate of the decedent consists of whatever assets remain after the legal claims arising by virtue of the guardianship have been properly satisfied. If this were not true, there would be endless confusion created by contests between guardians on the one hand and executors or

administrators on the other. The guardian might have created an indebtedness which, according to the law, was a proper and prior claim against the estate of the incompetent, and yet, by the sudden death of his ward, such claim might be utterly defeated by proceedings in the estate of the decedent. In the absence of a statute expressly declaring so unjust a rule, we are of the opinion that all debts legally incurred by the estate of an incompetent during the course of guardianship are just as much liens upon such estate as are formal mortgages thereon, and that the administrator takes the estate subject thereto.

The appellee has cited to us the case of *In re Schluter's Estate*, 209 Cal. 286, 286 Pac. 1008. The facts in that case were, so far as the legal issues raised thereby are concerned, almost identical with those of the present case. Charlotte Schluter at the time of her death was under guardianship, both as to her person and estate, by virtue of proceedings in Monterey county, although much of her property was located in Los Angeles county. She died in 1926, and her guardian in Monterey county presented an account in the superior court of that county, in which she asked for an allowance as a charge and lien against the estate for items expended by her in the support and maintenance of her ward, and for her services, which claim was duly allowed by that court. An executrix of the estate of the decedent was appointed in Los Angeles county, and the guardian presented her claim, accompanied by the order of the superior court of Monterey county, and asked that it be declared a lien against the assets of the estate of the decedent. It was rejected by the executrix on the ground that it had been filed too late, and that the court was without jurisdiction to subject the estate to the lien. The superior court of Los Angeles county, in an action brought under the

statute, made the order as requested, and the executrix appealed. The appellate court held that the guardian was entitled to a lien upon the estate of the ward for the expenses allowed by the court having jurisdiction in the guardianship proceedings, and that such lien followed the assets when they passed to the possession of the executrix.

It is true that in the case of *Harriss* v. *Parks,* 77 Okl. 197, 187 Pac. 470, the court took a contrary view. We think, however, that the California rule is the better one, and declare it to be the law of Arizona.

 Since the superior court of Maricopa county had the jurisdiction in the guardianship proceedings to declare a lien upon the estate of the ward, the administratrix took such estate subject to the lien in the same manner as though it were a mortgage, and the claims of the state and county, notwithstanding the act declaring them to be preferred ones, affect only what is left after the satisfaction of the lien aforesaid. *Wartman* v. *Pecka,* 8 Ariz. 8, 68 Pac. 534. It is, of course, true that when the creditor of an estate chooses to rely upon a lien rather than on an ordinary claim, he must release all rights against any assets of the estate except those covered by the lien, and ordinarily is required to proceed to foreclose the lien. Section 3990, Rev. Code 1928. But since all of the assets of the estate in this case are covered by the lien, it seems that it would be subjecting the estate to a useless expense to require a formal foreclosure, rather than to authorize the administratrix to pay it from the assets in due course of administration. *Wartman* v. *Pecka, supra.* We hold, therefore, that the order of the superior court declaring the claim of the guardian to be a lien upon the entire assets of the estate, and therefore entitled to priority of payment over all claims which, though preferred as against the estate of the

decedent, were not liens thereon prior to her death, was correct.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.