In the Matter of HENRIK WILHEIM LUDVIG BOHNSTEDT, a Mentally Ill Person, Now Deceased.

*New Castle, October 5, 1956.*

*Joseph P. Hurley,* Wilmington, trustee, pro se.

*Charles F. Daley, Jr.,* of Daley & Lewis, Wilmington, administrator, pro se.

*Robert B. Walls, Jr.,* of Coxe, Booker & Walls, Wilmington, for the Delaware State Hospital.

SEITZ, Chancellor: This is a complaint by the trustee for a deceased mentally ill person seeking instructions as to how he should distribute certain funds in his possession.

Many years ago, Henrik Wilhelm Ludvig Bohnstedt, ("Bohnstedt") a mentally ill person, was committed to the Delaware State Hospital ("Hospital"). He was then an indigent person with no known relatives. No payments were ever made to the Hospital for his care and treatment. Shortly before his death he inherited approximately $8,100 and a trustee was appointed to receive and did receive such money.[1] The Hospital then submitted to the trustee a bill of about $11,000 for services rendered the mentally ill person. Shortly thereafter and before the bill was paid Bohnstedt died and an administrator was appointed for his estate.

The administrator and the Hospital both made claim upon the trustee to pay the money to them, less the reasonable charges of the

---

1. Subsequently Bohnstedt inherited about $500 from his mother's estate. This has not been received by either fiduciary here and so I need not consider it further.

trustee. The trustee, being in doubt, very properly filed this complaint requesting the Court to instruct him as to the proper party to receive the money.

The administrator contends that after deducting just compensation and accounting costs any money or property in the possession of a trustee at the death of the mentally ill person must be paid to his heir or proper representative as provided by 12 *Del.C.* § 3708, as amended in 1953. The administrator here is admittedly the proper representative under the statute.

On the other hand, the Hospital argues that for administration purposes the estate of a deceased mentally ill person consists only of those assets which remain after the legal claims incurred during the trusteeship have been paid by the trustee. Thus, under its view, the amount owed the Hospital must be paid by the trustee first. This, of course, would leave no balance for the trustee to turn over to the administrator.

It should be noted that this is not merely a question as to whether an executor or administrator rather than a trustee should pay the obligations existing at the death of the mentally ill person. A collectable debt as against the trustee, may prove uncollectable as against the administrator. This is so because of the law fixing priorities in the distribution of decedents' estates.

In resolving this question of the power of the trustee, it is in order to state a little equity background. The jurisdiction of the Delaware Court of Chancery over the mentally ill is purely statutory. See *Poole v. Newark Trust Co.,* 1 *Terry* 163, 8 *A.2d* 10; and see *In re Reeves,* 10 *Del.Ch.* 483, 94 *A.* 511. It is of prime importance therefore to consider the statute which purports to deal in a specific way with the trustee's duty as to the distribution of the property of a deceased mentally ill person. That statute provides, 12 *Del.C.* § 3708, as amended in 1953:[2]

---

2. The predecessors of this statute go back as far as 1793, 2 *Laws of Delaware, p.* 1056. The history of the language of the various statutes does not assist in resolving our problem here.

"In case of the recovery or death of the mentally ill person, the trustee shall deliver and pay to him, or to his heirs, or proper representatives, all the balance of his estate, real and personal; and the Court shall cause to be transferred to him, or them, all stock, or investments or the proceeds thereof when sold, deducting just allowances to the trustee."

The Hospital first contends that the words, "the balance of his estate" show that disbursements were to be deducted by the trustee. This is true but the question recurs: What disbursements? Thus our problem is still unanswered.

The Hospital next argues that the words, "deducting just allowances to the trustee" demonstrate that the trustee was to make payment of all obligations incurred by him before turning over the balance to the party designated to administer the estate of the deceased mentally ill person. Passing over the arguments of the administrator, and assuming as the Hospital contends that "allowance" as used in the statute means allowance of items of disbursement by the trustee,[3] and is thus not confined to compensation to the trustee, the fact remains that the statute does not answer the question as to whether the trustee has the power to pay obligations existing at the date of the death of the mentally ill person. Otherwise stated, would the payment by the trustee of an obligation owing at the death of the mentally ill person be treated as a just allowance to the trustee? To answer this question we must explore the situation generally.

The statute giving Chancery its general power over adult mentally ill persons, as amended in 1953, provides, 12 *Del.C.* § 3701:

"The Court of Chancery shall have the care of mentally ill persons above the age of 21 years, so far as to appoint trustees for such persons to take charge of them and manage their estates."

The general powers of the trustee are set forth in 12 *Del.C.* § 3705, as amended in 1953, to read as follows:

---

3. Compare *In re Schwartz,* 27 *Del.Ch.* 223, 34 *A.2d* 275.

"A trustee may, in the name of the mentally ill person, do whatever is necessary for the care, preservation and increase of his estate."

The quoted statutes, particularly the one dealing with the general powers of the trustee, seem to suggest that the trustee's power is confined by the fact that what is done is done in the name of the mentally ill person. This suggests in a general way that the trustee's power obtains its vitality from a living mentally ill person. While there are other statutes giving such a trustee certain specific powers, there is no statute which specifically permits the trustee to continue to administer the trust after the death of the mentally ill person.

The text writers and almost but not all of the Courts which have considered our problem have concluded that after the death of the mentally ill person the trustee, absent statutory authority, has no power to pay existing obligations. The creditors must file their claims in the estate proceedings. See *In re Estate of Colvin*, 3 *Md.Ch.* 278; *Norton v. Strong*, 1 *Conn.* 65 (published 1848); *Hyden v. Wilkinson, Okl.*, 102 *P.2d* 887; Compare *In re Frew's Estate*, 340 *Pa.* 89, 16 *A.2d* 26; *Woerner's American Law of Guardianship*, § 150; 25 *American Jur., Guardian and Ward*, § 53; 39 *C.J.S., Guardian and Ward*, § 41.

While various reasons have been advanced for the conclusion that a trustee may not pay outstanding obligations once the mentally ill person has died, I believe the basic reason for the rule is that absent statutory power the trustee's power arises from and is dependent upon the existence of the mentally ill person. Once that person dies the statutory scheme applicable to decedents' estates comes into play. This, of course, is what happens in the ordinary death case. It is only the fact of a trusteeship that causes the problem here. But as indicated, in the absence of statutory power, the trustee cannot pay outstanding obligations after the death of the mentally ill person.

While a few cases support the power of the trustee to pay bills after the death of the mentally ill person they appear to be based on the broad view that the trustee in winding up can pay all outstanding obligations because they were incurred by the trustee as an agent of

the Court. See *In re Kohler,* 200 *Misc.* 506, 107 *N.Y.S.2d* 964. While these cases have real appeal I feel compelled in the absence of statutory authority to refuse to follow them.

Nor do I believe that this Court should, in order to secure creditors' claims, impose a lien on the assets passing into the hands of the administrator. Some Courts have followed this practice. See *State v. Greenhaw,* 50 *Ariz.* 436, 72 *P.2d* 950, 113 *A.L.R. page* 402. This would constitute the adoption of a course of conduct not supported by statutory authority. It would have the effect of accomplishing indirectly what could not be done directly.

Since this is a matter of statutorily conferred Chancery jurisdiction, I feel impelled, despite my personal views, to follow the rule that upon the death of the mentally ill person the trustee must account and be paid just compensation and expenses. He then must turn the balance of the property over to the person administering the estate.

I think the rule here adopted is unfortunate but any change must come from the Legislature. I believe there would be value in legislation which would permit the trustee to wind up his trust administration by paying bills, etc., due at the death of the mentally ill person. Thus it would permit the trustee to make arrangements with the Hospital and other creditors which would permit deferred payments without the creditor running the risk of losing all because of death. This is often very important where family needs are involved. Also, where a trustee has made binding commitments on behalf of the mentally ill person it does not seem fitting that the commitments of an agent of the Court should not be honored.

I conclude that the trustee should file a final account and a petition seeking reasonable compensation. The Court will, after the appropriate procedure is followed, approve the account, authorize the payment of the trustee's compensation and court costs, and direct that the balance be turned over to the administrator.

Order on notice.