673 P.2d 331

**Anne TREADWAY, Personal Representative Appellant,**

v.

**Nancy MONTAGUE–ELLISTON, Guardian and Conservator Appellee.**

**No. 1 CA–CIV 6130.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 4, 1983.

Lewis & Roca by Charles Crehore, Paul G. Ulrich, Michael P. Worley, Phoenix, for appellant personal representative.

**134**

Charles J. Dyer, Phoenix, and DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by Robert M. Struse, Richard L. Barnes, Tucson, for appellee guardian and conservator.

## OPINION

FROEB, Judge.

At issue in this appeal is the extent of a conservator's authority with respect to a conservatorship estate following the death of the protected person. The trial court concluded that administrative expenses and conservator fees may be paid from the conservatorship estate after the death of the ward. We affirm.

A conservatorship was established for the estate of Alma P. Guerin on February 3, 1978, with Harris Trust and Savings Bank as conservator. Thereafter, the public fiduciary was appointed guardian of Guerin. Appellee Nancy Montague-Elliston subsequently assumed the dual responsibility of successor conservator and guardian. Harris Trust distributed to appellee $10,000.00 in personal property from the Guerin estate.

Alma Guerin died on June 23, 1980. The first and final account and report filed by appellee following Guerin's death indicates that at the date of death she had expended $3,915.26. The reasonableness and amount of those expenditures are not contested in this appeal.

Following the death of Guerin, appellee expended the balance of the estate assets in her possession, including $12.05 received after the date of death. Of that amount, $2,621.70 was spent for funeral expenses.[1] The remainder, $3,475.09, went to pay for the costs of administering the estate and filing a closing statement, including the payment of appellees' attorney's fees.

Appellant Anne Treadway is the duly appointed personal representative of the estate of Alma Guerin. On January 28, 1981, appellant filed an objection to the first and final account and report submitted by appellee for the reason that it sought approval of expenses paid after Guerin's death, and because it claimed fees both for the conservator and for the conservator's attorney, for which no timely creditor's claim had been filed in the probate proceedings. These objections were denied by the trial court and it entered its orders approving the account and report of appellee with the exception of a disbursement made on July 15, 1980, to Mountain Bell, in the amount of $19.91. The court determined that this disbursement was payment to a creditor of the deceased and should have been presented to the deceased's estate for payment. Appellee does not cross appeal from this finding. The court also denied appellant's motion for reconsideration. Appellant appeals from the court's order approving the account and report and from the denial of her motion for reconsideration.

The sole question for determination is whether under Arizona law it is proper for a conservator to pay administrative expenses consisting of fees for herself and her attorney from the conservatorship estate after the death of the protected person. The amount in issue is $3,475.09. Of this amount, $2,022.34 was paid to the conservator and her attorney from the conservatorship estate before the final account and report. The remaining $1,452.75 was paid to the conservator for reimbursement of her fees and those of her attorney in accordance with the final account and report of the conservatorship estate.[2]

Appellant argues that Guerin's death automatically terminated the conservatorship and appellee was without authority to take any further action other than to preserve the assets of the estate and turn them over to appellant. After the protected person

---

1. Initially, appellant contested all sums expended by appellee after the death of Guerin. However, appellant later withdrew her objection to the amount expended for funeral expenses, leaving the sum of $3,475.09 in issue.

2. It is clear that a large portion of the conservator fees compensate the conservator for services rendered before Guerin's death. Although the record is unclear, it appears that most of the other expenses at issue were incurred after Guerin's death.

dies, the only means available to the conservator and her attorney to recover their fees, argues appellant, is to file a claim against the probate estate. *See Noyes v. First National Bank of Rawlins,* 589 P.2d 384 (Wyo. 1979). Appellant relies on the language of A.R.S. § 14–5425(D) which provides, in part:

If a protected person dies, the conservator shall deliver to the court for safekeeping any will of the deceased protected person which may come into his possession, inform the executor or a beneficiary named therein that he has done so, *and retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto.* (emphasis added)

Appellant argues that this language imposes an absolute duty on the guardian to take no further action after the death of a protected person other than to conserve the estate assets and deliver them to the personal representative.

Appellee, on the other hand, argues that the conservatorship estate does not terminate until after petition and order of the court. Until that time, argues appellee, the conservator has the authority to pay expenses authorized by law. In support of her position, appellee relies on A.R.S. § 14–5430 which provides:

The protected person, his personal representative, the conservator or any other interested person may petition the court to terminate the conservatorship. A protected person seeking termination is entitled to the same rights and procedures as in an original proceeding for a protective order. The court, upon determining after notice and hearing that the minority or disability of the protected person has ceased, may terminate the conservatorship. *Upon termination, title to assets of the estate passes to the former protected person or to his successors subject to provision in the order for expenses of administration or to conveyances from the conservator to the former protected person or his successors, to evidence the transfer.* (emphasis added)

Appellant argues that A.R.S. § 14–5430 is not applicable where a ward dies, but rather, simply provides for the termination of a living person's conservatorship.

We agree with appellee that A.R.S. § 14–5430 applies to the facts of this case. First, the statute specifically refers to the *personal representative* of the protected person, which indicates that the statute applies in the event of the death of the ward. Furthermore, upon termination of the conservatorship, "title to assets of the estate passes to the former protected person *or to his successors subject to provision in the order for expenses of administration....*" (emphasis added) Thus, this statute clearly applies where the ward has died.

In order to determine the scope of the conservator's authority regarding the conservatorship estate following the death of the ward, we must examine A.R.S. § 14–5430 in conjunction with A.R.S. § 14–5425(D). We conclude that A.R.S. § 14–5430 authorizes the conservator to be reimbursed from the conservatorship estate for "expenses of administration," whether they are incurred before or after the death of the ward. These expenses would naturally include the fees and expenses reasonably incurred in winding up the affairs of the conservatorship estate, including the preparation and approval of the final account and report. The conservator must then deliver the remaining estate to the personal representative of the ward's estate pursuant to A.R.S. § 14–5425(D).[3]

For the foregoing reasons, the judgment is affirmed.

GRANT and GREER, JJ., concur.

---

**3.** We do not decide whether the conservator has authority to pay creditors' claims from the conservatorship estate after the death of the protected person. *See Annot.* 60 A.L.R.2d 963 (1958); *State v. Greenhaw,* 50 Ariz. 436, 72 P.2d 950 (1937). We note that the trial court disapproved a disbursement to Mountain Bell paid after the death of the ward because it was not a "proper administrative expense." Furthermore, the funeral expenses paid by appellee are not administrative expenses. The authority of the conservator to pay these sums is not an issue raised on appeal.