801 P.2d 465

**In re the Matter of the CONSERVATORSHIP/GUARDIANSHIP OF John W. HILL, an Adult, Incapacitated and Protected Person.**

**No. 2 CA–CV 90–0014.**

Court of Appeals of Arizona, Division 2, Department A.

June 28, 1990.

Review Denied Dec. 18, 1990.

Molloy, Jones & Donahue, P.C. by Ardner R. Cheshire, Jr. and Michael J. Meehan, Tucson, for appellant Conservator.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C. by Peter Economidis, Tucson, for appellee Spouse.

## OPINION

HOWARD, Judge.

The conservator of the deceased ward, John W. Hill, appeals from a judgment ordering him to satisfy, without probate proceedings, community property claims from John Hill's estate.

## ISSUE

Appellant presents several issues on appeal. Because of our disposition of this matter, we need discuss only one: whether a conservator's duty, after the death of a ward, requires the payment of community property claims to a surviving spouse before the deceased's will is probated. For the following reasons, we reverse.

## FACTS

John and Ruth Hill were married in 1968. Before marrying Ruth, John invested in several stocks which he retained until his death.

On July 2, 1987, N. Arthur Hulick, was appointed conservator of John's estate. John died on October 6, 1987, and probate proceedings were commenced on October 8. John's will was admitted to formal probate and Hulick and his wife Evelyn were appointed co-personal representatives. (Pima County Cause No. P–16074.) During his remaining years, John's primary assets, the stocks, had appreciated significantly.

Apparently Ruth filed a claim in the probate action sometime in December 1987. These claims were later denied by the Hulicks. On July 6, 1988, Ruth filed a petition for distribution of community property assets from the conservatorship, which the conservator opposed. Further pleadings were filed before the matter went to trial in early August 1989.

At all times during this action, the conservator asserted that he lacked authority to disburse any funds from the estate outside the normal expenses of administration. In rejecting this position, the trial court ordered the conservator to disburse to Ruth a portion of John's estate equal to her share of their community property assets. This appeal followed.

## CONTENTIONS OF THE PARTIES

The conservator contends that he does not have authority to defend against the community property claims made by Ruth after John's death. He argues that A.R.S. § 14–5425(D) requires a conservator to promptly deliver the estate to the personal representative of the ward upon the ward's death. He further contends that any expenditure after the ward's death is illegal, except for "expenses of administration," citing A.R.S. § 14–5430 and *Treadway v. Montague–Elliston,* 138 Ariz. 133, 673 P.2d 331 (App.1983).

Ruth, on the other hand, asserts that the judgment should be affirmed on three grounds.

First, she maintains that A.R.S. § 14–5425(D) provides that, after a ward's death, the conservator may "retain the estate for delivery to a duly appointed personal representative of the decedent *or other persons entitled thereto....*" (Emphasis added.) Ruth argues that because she was entitled to a share of John's community property assets, the conservator was under a duty to distribute it to her before delivery of the estate for probate.

Second, Ruth asserts that the judgment is proper because the court's order directing the conservator to disburse funds to her implicitly expanded the conservator's power under A.R.S. § 14–5426(A) which provides that a court may "at the time of appointment or later" limit or expand the powers of the conservatorship.

Finally, Ruth argues that because Hulick is both the conservator and a co-personal representative of John's estate, the procedural issue before this court is one of no consequence and should not bar a review of the merits of this appeal.

## DISCUSSION

■■■ A.R.S. § 14–5425(D) defines the distribution powers of a conservator after a ward dies:

> If a protected person dies, the conservator may deliver to the court for safekeeping any will of the deceased protected person which may have come into his possession or deliver the will to the personal representative named in the will. If the will is delivered to the personal representative named in the will, a copy of the will shall be filed with the court in the conservatorship proceeding. If the will is filed with the court the conservator shall inform the personal representative or a beneficiary named therein that he has done so, and retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto....

Aside from settling the ward's account, a conservator's power over a ward's property is generally terminated upon the death of the ward. *In re Estate of Burgeson*, 163 Ill.App.3d 233, 114 Ill.Dec. 435, 516 N.E.2d 590 (1987), affirmed by 125 Ill.2d 477, 126 Ill.Dec. 954, 532 N.E.2d 825 (1988); *Estate of Livingston*, 627 S.W.2d 673 (Mo.Ct.App. 1982); *Gutierrez v. Estate of Gutierrez*, 786 S.W.2d 112 (Tex.Ct.App.1990); *Matter of Guardianship of Heath's Estate*, 30 Wash.App. 115, 632 P.2d 908 (1981); see also, *Matter of Conservatorship of Britten*, 430 N.W.2d 408 (Iowa 1988). A.R.S. § 14–5425(D) directs that a ward's estate shall pass from the conservator to his or her successors. This provision clearly does not authorize a conservator to make testamentary transfers on behalf of a deceased ward. To hold otherwise would disrupt the harmonious relationship between this provision and other provisions of our probate code, requiring this court to give unintended meaning to an otherwise unambiguous statute. *Lemons v. Superior Court*, 141 Ariz. 502, 687 P.2d 1257 (1984).

Ruth misconstrues the language of this statute. The phrase "other persons entitled thereto" refers to situations in which there is no need for the appointment of a personal representative. See for example, A.R.S. § 14–3971 which permits the omission of probate proceedings under certain circumstances.

As for A.R.S. § 14–5426(A), this statute is inapplicable because it applies only to those court actions where the ward is alive. We read nothing in it which grants the court authority to make testamentary dispositions in the name of the conservatorship, particularly in lieu of our comprehensive statutory scheme setting forth the laws applicable to the devolution of a deceased's property.

Finally, there is more at issue here than a mere change in the "caption of the pleadings." After the death of a ward, A.R.S. § 14–5425(D) requires the conservator to deliver the estate for probate or administration. A.R.S. § 14–3101 is then invoked which governs the right of a surviving spouse to the deceased's community and separate property assets. It also confers on creditors the right to settle claims incurred by the marital community, a right which may affect the amount that a deceased's successors may be entitled to recover from the estate. This mechanism for recovery of claims is a significant aspect of our probate code, and adherence to it will prevent prejudice to those entitled to John's assets.

Accordingly, the judgment of the trial court is reversed and its order vacated.

ROLL, P.J., and LIVERMORE, J., concur.